**Milton Eugene POOL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41347.**

Court of Criminal Appeals of Texas.

June 19, 1968.

Alfred J. Jackson, Jr., Fort Worth (on appeal only), David Williams, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, Malcolm Dade, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This appeal from a conviction for robbery with firearms, with punishment assessed at 25 years, is not before us for review.

The record on appeal reflects that sentence was pronounced on April 17, 1967, the same day the case was tried and judgment entered.

Art. 42.03 Vernon's Ann.C.C.P. provides, in part:

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant at *any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment*; * * *."

Under Art. 40.05 Vernon's Ann.C.C.P. a motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury. Art. 41.02 Vernon's Ann.C.C.P. provides that a motion in arrest of judgment must be made within ten days after conviction.

In the case at bar a motion for new trial was filed within ten days after the verdict, and an amended motion for new trial was filed and was overruled by the court on June 2, 1967. On the same day the notice of appeal shown in the record was given.

The notice of appeal was not given or filed "within ten days after sentence is pronounced," as required in cases such as this by Art. 44.08, Vernon's Ann.C.C.P.

For want of a proper sentence as well as a notice of appeal timely given, the appeal is dismissed.