**Willie Morris NIX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 41633.

Court of Criminal Appeals of Texas.

Oct. 16, 1968.

Rehearing Denied Nov. 13, 1968.

T. M. Reid, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Driving while intoxicated upon a public highway is the offense; the punishment, thirty days in jail and a fine of $100.

Notice of appeal was not given within the time prescribed by Art. 44.08(c), Vernon's Ann.C.C.P., and there is nothing in the record to show that the trial court, for good cause shown, permitted the giving of such notice after the ten days had expired.

The appeal is dismissed.

APPELLANT'S MOTION FOR
REHEARING OVERRULED:

ONION, Judge.

Appellant was convicted of the offense of driving while intoxicated upon a public highway and his punishment was assessed at 30 days in jail and a fine of $100.00.

On re-hearing appellant takes this Court to task for dismissing his appeal because notice of appeal was not given within the time prescribed by Article 44.08(c), V.A. C.C.P.

The record reflects that after appellant waived "time," sentence was pronounced on March 26, 1968, the same day the case was tried and judgment entered.

Motion for new trial was filed on April 3, 1968, and was overruled by the court on April 17, 1968, and on that same day notice of appeal was given.

It is therefore obvious that notice of appeal was not given within ten days after sentence, and there is nothing in the record to show that the trial court, for good cause shown, permitted the giving of such notice after the ten days had expired. Article 44.08(c) and (e), V.A.C.C.P. Hollingsworth v. State, Tex.Cr.App., 419 S.W.2d 854; Flores v. State, Tex.Cr.App., 419 S.W.2d 202; Herbort v. State, Tex.Cr. App., 422 S.W.2d 456. We conclude that we were correct in our disposition of this cause on original submission.

If it be appellant's contention that he did not waive the time allowed for making a motion for new trial or motion in arrest of judgment as provided by Articles 40.05 and 41.02, V.A.C.C.P. at the time of sentencing, and that his motion for new tri-

al was timely filed, then no sentence appears in the record to have been pronounced after the expiration of the time allowed for making a motion for new trial or motion in arrest of judgment as provided by Article 42.03, V.A.C.C.P. See Pool v. State, Tex.Cr.App., 429 S.W.2d 158; Watson v. State, Tex.Cr.App., 429 S.W.2d 890; Cook v. State, Tex.Cr.App., 398 S.W.2d 284. For this reason also the appeal would have to be dismissed.

Appellant's motion for re-hearing is overruled.