**Samuel David SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41995.**

Court of Criminal Appeals of Texas.

March 19, 1969.

No Attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The appeal is from a conviction on a plea of guilty before the court to an indictment charging the misdemeanor offense of driving while intoxicated. (Art. 802 Vernon's Ann.P.C.

The state moves to dismiss the appeal on the ground that notice of appeal was not given within 10 days after the sentence, as required by Art. 44.08 Vernon's Ann.C. C.P., and that no good cause was shown for extending such time. (Art. 44.08(e) V. A.C.C.P.)

The record on appeal reflects that on July 10, 1968, appellant, represented by counsel, filed written waiver of a trial by jury and requested the court to proceed immediately to arraign him; to accept his plea of guilty and jury waiver; to enter judgment there-

on and having entered the same to immediately sentence him.

On the same day (July 10, 1968) judgment was entered and sentence pronounced in accordance with the waiver, and motion for new trial was filed.

The order overruling the motion and an amended motion for new trial dated August 16, 1968, recites: "And Defendant having been sentenced herein, notice of appeal herein, if any there be, shall be given by the Defendant or his counsel not later than ten (10) days herefrom, or on the first Monday following the tenth day herefrom, should said day be a Saturday or Sunday."

Written notice of appeal was filed on the same day the order overruling the motion for new trial was entered.

No further action was taken by appellant or on his behalf and the record on appeal, approved by the trial judge, was transmitted to this court and filed on February 10, 1969.

■ If the court was to allow motion for new trial to be filed despite the waiver, sentence should not have been pronounced until the motion was disposed of. (Art. 42.03 V.A.C.C.P.)

■ We express the view that a defendant should not be deprived of the opportunity to file a motion for new trial by reason of a waiver filed prior to the trial and at a time when he could not know whether he would desire or have reason or ground for seeking a new trial.

■ In view of the fact that the trial court permitted the filing of motion for new trial on the same day sentence was pronounced, and of the court's order extending the time for giving notice of appeal, the state's motion to dismiss the appeal is overruled.

The appeal is wholly without merit.

The judgment is affirmed.