Joe D. ADAMS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 41804.

Court of Criminal Appeals of Texas.

Jan. 29, 1969.

On Motion to Reinstate Appeal
March 19, 1969.

Clay Coggins, Roby, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

The offense is possession of a dangerous drug; the punishment, thirty (30) days in jail.

Sentence was pronounced on May 24, 1968, and notice of appeal was given on June 12, 1968.

Notice of appeal was not given within the time prescribed by Article 44.08 (c) Vernon's Ann.C.C.P., and there is nothing in the record to show that the trial court for good cause shown permitted the giving of such notice after the 10 days allowed had expired.

The appeal is dismissed.

DOUGLAS, J., not participating.

## OPINION

### ON APPELLANT'S MOTION TO REINSTATE APPEAL

ONION, Judge.

On original submission this Court dismissed this appeal from a conviction for possession of a dangerous drug wherein the punishment was assessed at 30 days' confinement in the county jail. The reason for such dismissal was that the notice of appeal was not given within the time prescribed by Article 44.08, V.A.C.C.P., and there was nothing in the record to indicate or show that the trial court for good cause shown permitted the giving of such notice after the ten days allowed had expired. Article 44.08(e), V.A.C.C.P.

The appellant attaches to his motion to reinstate the appeal an uncertified copy of a document which he contends shows that the trial court permitted the giving of the notice of appeal after the ten days allowed by law. Such instrument shown to have been filed in the trial court on September 9, 1969, a date not yet reached, does not pertain to the giving of a belated notice of appeal for good cause shown.

Further, we notice that the record reflects that sentence was pronounced on May 24, 1968, the same day the case was tried and judgment entered.

Article 42.03, V.A.C.C.P., provides in part: "If a new trial is not granted or judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant *at any time after the expiration of the time allowed for making the motion for new trial or the motion in arrest of judgment;* * * *" (emphasis supplied)

Under Article 40.05, V.A.C.C.P., a motion for new trial shall be filed within 10 days after conviction as evidenced by the verdict of the jury. Article 41.02, V.A.C.C.P., provides that a motion in arrest of judgment must be made within 10 days after conviction.

It is clear then that sentence shall not be pronounced until after the expiration of the time for filing such motions. If no such motions are filed then sentence may be pronounced any time after the ten days mentioned. As to computation of time see Barbee v. State, Tex.Cr.App., 432 S.W.2d 78. If such motions have been filed sentence is not to be pronounced until such motions have been overruled following hearing or by operation of law.

None of this means, however, the defendant may not *after conviction* waive such time allowed by law to file such motions and agree to accept sentence at an earlier time. See Article 1.14, V.A.C.C.P. Where there has been a waiver, proper practice dictates that such waiver should be clearly set forth in the body of the sentence as well as noted on the court's docket sheet.

If the defendant has waived the time to file motions for a new trial and in arrest of judgment and sentence is pronounced, then the court is under no obligation to permit such motions to be filed. Cf. Smith v. State, Tex.Cr.App., 440 S.W.2d 843 this day decided.

Despite the waiver and pronouncement of sentence, if the court agrees to heed a defendant's subsequent request to entertain what would have otherwise been timely presented motions the sentence should be set aside and an order to that

effect entered. Under such circumstances sentence should be re-pronounced if such motions are overruled. Such procedure should also be followed where the sentence has been untimely pronounced and the defendant requests to be heard on his motions.

In the case at bar, on the same day judgment was entered and sentence (silent as to any waiver) was pronounced a motion for new trial was filed.

An amended motion for new trial was filed on June 3 and was overruled by the court on June 12, 1968. On this last date the notice of appeal shown in the record was given.

All of this militates against the possibility of waiver. If there was no valid waiver the sentence was improperly and untimely entered and this court is without jurisdiction in this type of case to entertain this appeal. Article 42.04, V.A.C.C.P.; Yordy v. State, Tex.Cr.App., 425 S.W.2d 352. If there was waiver then the notice of appeal was not given or filed "within ten days after sentence is pronounced," as required in cases such as this by Article 44.08, Vernon's Ann.C.C.P.

For the want of a proper sentence or want of a notice of appeal timely given, the appeal must be dismissed. Cf. Pool v. State, Tex.Cr.App., 429 S.W.2d 158; Watson v. State, Tex.Cr.App., 429 S.W.2d 890.

If the sentence was not properly entered it may now be pronounced and the accused may give notice of appeal. Clemons v. State, Tex.Cr.App., 414 S.W.2d 940; DeMary v. State, Tex.Cr.App., 423 S.W.2d 331; Herbort v. State, Tex.Cr. App., 422 S.W.2d 456. If, on the other hand, the sentence was pronounced after a valid waiver, but the accused failed to give timely notice of appeal, the court may now for good cause shown permit him to give notice of appeal (Article 44.08(e), V.A. C.C.P.) and in such event proceedings may then be had in the trial court pursuant to Article 40.09, V.A.C.C.P.; Hollingsworth

v. State, Tex.Cr.App., 419 S.W.2d 854; Flores v. State, Tex.Cr.App., 419 S.W.2d 202; Herbort v. State, supra.

For the reasons stated, the motion to reinstate the appeal is overruled.

DOUGLAS, J., not participating.