**Sammy GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41815.**

Court of Criminal Appeals of Texas.

March 26, 1969.

Gillespie & McClendon, by Jack McClendon, Lubbock, attorney on appeal, for appellant.

Roger Gorrell, County Atty., Muleshoe, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

The offense is use of profane language over the telephone; the punishment, 3 months in jail and a $500 fine.

Our prior opinion is withdrawn.

We now observe that we are confronted with a problem similar to that recently discussed in Adams v. State, Tex.Cr.App., 440 S.W.2d 844.

The record reflects that sentence in the case at bar was pronounced on May 27, 1968, the same day the case was tried and judgment entered. The written instruments styled judgment and sentence were filed of record on June 3, 1968. On this same date appellant filed his motion for new trial and his motion in arrest of judgment. In both motions he complains he was not advised, prior to sentencing, that he had

ten days before sentence could be pronounced to file such motions.

In Adams v. State, supra, we said:

"Article 42.03, V.A.C.C.P., provides in part: 'If a new trial is not granted or judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant *at any time after the expiration of the time allowed for making the motion for new trial or the motion in arrest of judgment*; * * *' (emphasis supplied)

"Under Article 40.05, V.A.C.C.P., a motion for new trial shall be filed within 10 days after conviction as evidenced by the verdict of the jury. Article 41.02, V.A.C.C.P., provides that a motion in arrest of judgment must be made within 10 days after conviction.

"It is clear then that sentence shall not be pronounced until after the expiration of the time for filing such motions. If no such motions are filed then sentence may be pronounced any time after the ten days mentioned. As to computation of time see Barbee v. State, Tex.Cr.App., 432 S.W.2d 78. If such motions have been filed sentence is not to be pronounced until such motions have been overruled following hearing or by operation of law.

"None of this means, however, the defendant may not *after conviction* waive such time allowed by law to file such motions and agree to accept sentence at an earlier time. See Article 1.14, V.A.C.C.P. Where there has been a waiver, proper practice dictates that such waiver should be clearly set forth in the body of the sentence as well as noted on the court's docket sheet.

"If the defendant has waived the time to file motions for a new trial and in arrest of judgment and sentence is pronounced, then the court is under no obligation to permit such motions to be filed. Cf. Smith v. State, Tex.Cr.App., 440 S.W.2d 843 this day decided.

"Despite the waiver and pronouncement of sentence, if the court agrees to heed a defendant's subsequent request to entertain what would have otherwise been timely presented motions the sentence should be set aside and an order to that effect entered. Under such circumstances sentence should be re-pronounced if such motions are overruled. Such procedure should also be followed where the sentence has been untimely pronounced and the defendant requests to be heard on his motions."

In the case at bar the record reveals that on June 6, 1968, the court entertained appellant's motion for a new trial, conducted a hearing and overruled the same. Notice of appeal was given on that date.

It is observed that the original sentence (silent as to waiver) was not set aside, nor was sentence re-pronounced or re-imposed following the overruling of the motion for new trial.

Where sentence has been improperly and untimely entered, this Court is without jurisdiction in this type of case to entertain this appeal. Article 42.04, Vernon's Ann.C.C.P.; Adams v. State, supra; Yordy v. State, Tex.Cr.App., 425 S.W.2d 352.

For want of a proper sentence the appeal must be dismissed. Cf. Pool v. State, Tex. Cr.App., 429 S.W.2d 158; Watson v. State, Tex.Cr.App., 429 S.W.2d 890.

Since sentence was not properly entered it may now be pronounced and the accused may give notice of appeal, and in such event, proceedings may then be had in the trial court pursuant to Article 40.09, V.A.C.C.P. Herbort v. State, Tex.Cr.App., 422 S.W.2d 456; Clemons v. State, Tex.Cr. App., 414 S.W.2d 940; DeMary v. State, Tex.Cr.App., 423 S.W.2d 331.

For the reasons stated, the appeal is dismissed.

DOUGLAS, J., not participating.