William Selmon McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 42089.

Court of Criminal Appeals of Texas.

May 7, 1969.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is driving while license suspended; the punishment, ten (10) days in the county jail and a fine of $125.00.

We observe that we are confronted in the case at bar with problems similar to that recently discussed in Adams v. State, Tex.Cr.App., 440 S.W.2d 844 and Gonzales v. State, Tex.Cr.App., 440 S.W.2d 847.

The record reflects that the sentence in the case at bar was pronounced on June 13, 1968, the same day the case was tried and the judgment entered. The sentence is silent as to any waiver of the ten days in which to file a motion for new trial or in arrest of judgment. A sentence is not to be entered until after the expiration of the time allowed for making such motions unless there is a waiver of such period. See Article 42.03, Vernon's Ann. C.C.P. In fact, in the case at bar, a motion for new trial was filed on the same day the sentence was pronounced. An amended motion for new trial was filed on July 3, 1968, and was overruled on July 22, 1968, at which time the appellant gave notice of appeal.

If the sentence was improperly and untimely pronounced without a waiver by the appellant of the time in which to file a motion for new trial or in arrest of judgment, then there is no proper sentence in the case and this Court is without jurisdiction to hear this appeal. If sentence was properly entered on June 13, 1968, then the notice of appeal was not given within the ten days therefrom as prescribed by Arti-

cle 44.08, V.A.C.C.P. and there is nothing in the record to show that the court for good cause shown permitted the giving of such notice after the ten days allowed had expired.

For either of the reasons stated, this appeal should be dismissed. See Adams v. State, supra; Gonzales v. State, supra.

The appeal is dismissed.