**Billy Ray GRIMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42172.**

Court of Criminal Appeals of Texas.

June 11, 1969.

For either of the reasons stated, this appeal must be dismissed. Adams v. State, Tex.Cr.App., 440 S.W.2d 844; Gonzales v. State, Tex.Cr.App., 440 S.W.2d 847; McDonald v. State, Tex.Cr.App., —— S.W.2d 352; Clark v. State, Tex.Cr.App., 442 S.W.2d 353.

The appeal is dismissed.

No attorney on appeal, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is driving while intoxicated; the punishment, 3 days in the county jail and a $125.00 fine.

Sentence was pronounced on August 7, 1968, the same day the case at bar was tried and judgment entered. The sentence is silent as to any waiver of the ten days in which to file a motion for new trial or in arrest of judgment. Article 42.03, Vernon's Ann.C.C.P. Without a waiver the sentence is not to be entered until after the expiration of the time permitted by law for filing such motions. If the sentence was improperly and untimely pronounced without a waiver by appellant, there is no proper sentence in the case and this court is without jurisdiction to entertain this appeal.

Further, notice of appeal was given on September 16, 1968, which was not within the time prescribed by Art. 44.08(c), V.A.C.C.P. and there is nothing in the record to show that the trial court for good cause shown permitted the giving of such notice after the ten days allowed had expired.