Cesario POSAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 42077.

Court of Criminal Appeals of Texas.

July 9, 1969.

Eugene P. Toscano, Samuel L. Egger, San Antonio, on appeal only, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

The prior opinion is withdrawn.

The appellant, Cesario Posas, Jr., was tried before the court and found guilty of aggravated assault on a child; the punishment was assessed at 8 months in jail.

The record reflects that on April 23, 1968, the court adjudged the appellant guilty; however, the punishment was not assessed until May 24, 1968, and the appellant was sentenced that day. On June 3, 1968, the tenth day after the judgment on May 24, the appellant filed his motion for a new trial. Art. 40.05, Vernon's Ann.C.C.P. The appellant did not waive the time allowed by law to file his motion for a new trial and agree to accept sentence at an earlier time.

Article 42.03, V.A.C.C.P., provides in part:

"If a new trial is not granted nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment * * *."

No order was entered setting aside the sentence. The sentence was not repronounced after the amended motion was heard, and no ruling on the motion was ever made. Thus, the motion was overruled by operation of law. Where the sentence has been improperly and untimely entered, this Court is without jurisdiction to entertain an appeal. For the want of a proper sentence, the appeal must be dismissed. Article 42.04, V.A.C.C.P.; Adams v. State, Tex.Cr.App., 440 S.W.2d 844; Gonzales v.

State, Tex.Cr.App., 440 S.W.2d 847; Clark v. State, Tex.Cr.App., 442 S.W.2d 353; and Smith v. State, Tex.Cr.App., 440 S.W.2d 843.

The appeal is dismissed.