**Billy Joe BEDELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42248.**

Court of Criminal Appeals of Texas.

July 16, 1969.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is driving while intoxicated, subsequent offense; the punishment, 10 days in the county jail and $1,000.00 fine.

We observe at the outset that we are confronted in the case at bar with a problem similar to that recently discussed in Adams v. State, 440 S.W.2d 844; Gonzales v. State, 440 S.W.2d 847; McDonald v. State, 442 S.W.2d 352; Clark v. State, 442 S.W. 2d 353; Posas v. State, 443 S.W.2d 849.

The record reflects that after a plea of guilty before the court judgment was entered on June 28, 1968. On July 8, 1968, sentence was pronounced. Such sentence is silent as to any waiver of the ten days in which to file a motion for new trial or in arrest of judgment, nor is there any other evidence of such waiver in form of a separate instrument, notation on the docket sheet or in the transcription of the court reporter's notes, etc. A sentence is not to be entered until after the expiration of

the time allowed for making such motions unless there is a waiver of such period. See Article 42.03, Vernon's Ann.C.C.P. As to computation of time, see Barbee v. State, Tex.Cr.App., 432 S.W.2d 78.

In the case at bar a motion for new trial was filed on July 8, 1968, the same date sentence was pronounced and prior to the expiration of the ten day period. Whether such motion was filed prior to or after sentence is not clear from the record. An amended motion for new trial was filed on July 28, 1968, and overruled by the court on August 15, 1968, at which time notice of appeal was given for the first time.

■ If the sentence was improperly and untimely pronounced without a waiver by the appellant prior to the expiration of the time allowed by law in which to file a motion for new trial or in arrest of judgment, then there is no proper sentence in the case and this court is without jurisdiction to hear this appeal. If sentence was properly entered on July 8, 1968, then the notice of appeal was not given within the ten days therefrom as prescribed by Article 44.08, V.A.C.C.P., and there is nothing in the record to show that for good cause shown the court permitted the giving of such notice after the ten days allowed had expired.

For either of the reasons stated this appeal should be dismissed.

■ Since this appears to be a continuing problem for the trial courts, we might here observe that if a motion for new trial or in arrest of judgment is timely filed, sentence should not be pronounced until such motions have been overruled following a hearing or by operation of law, or the motion is withdrawn accompanied by a waiver of any unexpired time in which to file another such motion. See Adams v. State, supra.

■ Further, "[i]f the defendant has waived the time to file motions for a new trial and in arrest of judgment and sentence is pronounced, then the court is under no obligation to permit such motions to be filed. Cf. Smith v. State, Tex.Cr.App., 440 S.W.2d 843 this day decided." Adams v. State, supra.

If the court finds it has untimely and improperly pronounced sentence and the accused desires to be heard on his timely filed and presented motion for new trial or in arrest of judgment, then the sentence should be set aside and repronounced in the event the motions are subsequently overruled.

For the reasons stated, the appeal is dismissed.