No question of indigency was raised at the time of the revocation of probation.

The judgment is affirmed.

MORRISON, J., not participating.

**Claudette Boney FLEMING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42769.**

Court of Criminal Appeals of Texas.

Feb. 18, 1970.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

**Dwight Wayne ROBINSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42732.**

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

**646**

OPINION

ONION, Judge.

The offense is possession of barbiturate; the punishment, a $225.00 fine.

We are confronted with the same problem that we were confronted with in Bedell v. State, Tex.Cr.App., 443 S.W. 2d 850 and cases there cited. See also Stuart v. State, Tex.Cr.App., 445 S.W.2d 743.

It appears from the record that the sentence was untimely and improperly pronounced. See Article 42.03, Vernon's Ann., C.C.P. If, however, sentence was properly pronounced, then notice of appeal was not given within ten days thereafter as required by Article 44.08, Vernon's Ann. C.C.P.

It is clear that for either reason the appeal must be dismissed.

It is so ordered.