**I. O. SCOTT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42745.**

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

Rehearing Denied March 18, 1970.

Second Rehearing Denied May 6, 1970.

Tom Moore, Jr., Winthrop Seley, Waco, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

PER CURIAM.

The appeal is from an order revoking probation granted in a conviction for receiving and concealing stolen property, with the punishment assessed at six (6) years.

Sentence was pronounced on June 20, 1969, and notice of appeal was given on July 15, 1969.

Notice of appeal was not given within the time prescribed by Article 44.08(c), Vernon's Ann.C.C.P., and there is nothing in the record to show that the trial court for good cause shown permitted the giving of such notice after the 10 days allowed had expired.

The appeal is dismissed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

On original submission this appeal from an order revoking probation was dismissed noting that the sentence was pronounced on June 20, 1969, and that the notice of appeal was not given until July 15, 1969, which was not timely in light of Article 44.08(c), V.A.C.C.P.

On rehearing appellant urges that on the day probation was revoked (June 20, 1969) he filed a motion for new trial which was overruled on July 15, 1969; that the sentence did not become final until the motion for new trial had been overruled; that any holding to the contrary would deprive the appellant of the right of filing a motion for new trial.

It is apparent we are confronted in the case at bar with a problem similar to that discussed in Adams v. State, Tex.Cr.App., 440 S.W.2d 844; Gonzales v. State, Tex. Cr.App., 440 S.W.2d 847; McDonald v. State, Tex.Cr.App., 442 S.W.2d 352; Clark v. State, Tex.Cr.App., 442 S.W.2d 353; Posas v. State, Tex.Cr.App., 443 S.W.2d 849; Bedell v. State, Tex.Cr.App., 443 S.W.2d 850; Stuart v. State, Tex.Cr.App., 445 S.W.2d 743.

In those cases it was noted that a sentence is not to be entered until after the expiration of the time (10 days) allowed for filing a motion for new trial or in arrest of judgment unless there is a waiver by the defendant of such time period. See Article 42.03, V.A.C.C.P.

In the case at bar as in most of the cases cited, a motion for new trial was filed on the same date as the sentence, it not being clear from the record whether such motions were filed prior to or after the sentence.

Adams and the other cases following it held that if a sentence is improperly and untimely pronounced without a waiver by the defendant prior to the expiration of the time by law in which to file a motion for new trial or in arrest of judgment then there is no proper sentence in the case and the Court of Criminal Appeals is without jurisdiction to hear the appeal.

These cases also noted that if sentence is properly and timely pronounced or there is a waiver of the time allowed to file such motion prior to such sentence, then the court is under no obligation to permit such motions to be subsequently filed; that where a sentence is properly entered and notice of appeal is not given within ten days therefrom as prescribed by Article 44.08, V.A.C.C.P., and there is nothing to show that for good cause shown the trial court permitted the giving of such notice after the ten days allowed had expired, this court is without jurisdiction to entertain the appeal.

■ It would appear that cases cited are here controlling and that either because the sentence was untimely and improperly pronounced or notice of appeal was not timely given the appeal must be dismissed.

There is perhaps an added reason or different twist for such conclusion in the case at bar. This is an appeal from an order revoking probation and in Munoz v. State, 155 Tex.Cr.R. 223, 233 S.W.2d 494, it was held that as a matter of procedure the trial court after revoking probation need not consider a motion for new trial. Cf., however, Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422.

■ Remaining convinced this cause was properly disposed of on original submission, appellant's motion for rehearing is overruled.[1]

---

1. Even if it could be considered that this court had jurisdiction, we note that there is no transcription of the court reporter's notes of the revocation hearing in the record, and in absence of the same this court would be unable to pass upon the sole question of whether the trial court abused its discretion in revoking probation. Graves v. State, 158 Tex.Cr.R. 429, 256 S.W.2d 576; Bills v. State,

Tex.Cr.App., 258 S.W.2d 804; Hardy v. State, 170 Tex.Cr.R. 580, 343 S.W.2d 256; Washington v. State, Tex.Cr.App., 361 S.W.2d 395; Taylor v. State, Tex. Cr.App., 321 S.W.2d 879; Lee v. State, 172 Tex.Cr.R. 240, 355 S.W.2d 715.