John W. SINGLETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43651.

Court of Criminal Appeals of Texas.

June 23, 1971.

———◆———

Samuel L. Egger, San Antonio (on appeal only), Claude R. Bailey, San Antonio, for appellant.

Ted Butler, Dist. Atty., John Yates, Arthur Estefan and Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ON APPELLANT'S MOTION FOR RE-HEARING

ROBERTS, Judge.

The prior opinion is withdrawn.

The appellant, John W. Singleton, was tried before a jury and found guilty of the offense of driving and operating a motor vehicle upon a public highway while intoxicated and at a later date the punishment was assessed at 30 days in the county jail and a fine of $100.

The record reflects that on October 15, 1969, the jury found the appellant guilty; the appellant elected to have the court assess the punishment. The punishment was not assessed until the third day of November, 1969.[1]

The record further reflects that a judgment was entered on the third day of November, 1969, and that on the same day, the defendant was sentenced. On November 13, 1969, the appellant filed his motion for new trial. Art. 40.05, Vernon's Ann. C.C.P. The appellant did not waive the time allowed by law to file his motion for new trial and agree to accept sentence at an earlier time.

Article 42.03, V.A.C.C.P., provides in part:

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment. * * *."

---

1. See Art. 37.07(3) (d), which provides: "When the judge assesses the punishment, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed."

There were two amended motions for new trial filed and on January 28, 1970, the court overruled the amended motions for new trial.

No order was entered setting aside the sentence; the sentence was not repronounced after the amended motion was overruled. Where sentence has been improperly and untimely entered, this Court is without jurisdiction to entertain an appeal. For the want of a proper sentence, the appeal must be dismissed. Art. 42.04, V.A.C.C.P.; Posas v. State, Tex.Cr.App., 443 S.W.2d 849; Adams v. State, Tex.Cr.App., 440 S.W.2d 844; Gonzales v. State, Tex.Cr.App., 440 S.W.2d 847.

The appeal is dismissed.