Stephen Wayne FAURIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50860.

Court of Criminal Appeals of Texas.

Oct. 15, 1975.

264

Patrick Roland Ganne, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Charles D. Craig, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for forgery following a plea of guilty. The court assessed punishment at five years.

At the outset we are confronted with a jurisdictional problem. The record reflects that on September 23, 1974, the appellant pled guilty to three charges: forgery of a negotiable instrument, burglary of a habitation, and burglary of a building. The court found him guilty of all three charges. Sentencing was set for October 10, 1974, so that the court might consider appellant's application for probation in light of a presentence investigation.

On October 10 the court addressed appellant as follows:

"THE COURT: I'll tell you what I'm going to do. I'm going to sentence you in one case and give you probation in that one case. I'm going to hold the other two, which you've already entered a plea of guilty to, and that means if anybody is unhappy with your operation on probation, all I have to do is call you in and sentence you on the other two cases. Do you understand?

"THE DEFENDANT: Yes, sir.

"THE COURT: I don't even have to revoke your probation; just call you in and sentence you. Do you understand?

"THE DEFENDANT: Yes, sir."

The court proceeded to assess punishment at ten years upon the conviction of burglary of a building. Imposition of the sentence was suspended and probation granted. The court then warned the appellant that if he were to "get back with some people that are involved in violating the law and you cause anybody any trouble, I'll just call up the other cases and sentence you to five years in the penitentiary on both of those cases."

Apparently appellant did not behave, for on December 18, 1974, the trial court called the cases again and for the first time assessed punishment, setting it at five years each upon the convictions for burglary of a habitation and forgery, and then sentenced him. Notice of appeal was given five days later.

Article 42.03(1), V.A.C.C.P., provides in part:

"If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced . . . at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment."

Article 40.05, V.A.C.C.P., provides in part:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury . . . ."

Finally, Art. 41.02, V.A.C.C.P., states that a motion in arrest of judgment "must be made within ten days after conviction."

■ Within the meaning of these statutes, an adjudication of guilt does not amount to a "conviction." A conviction for the purposes of these statutes is an adjudication of guilt plus an assessment of punishment. The reason is that a defendant can make no intelligent decision as to whether to file a motion for new trial or motion in arrest of judgment until he knows the punishment that he faces. Hence, the ten-day waiting period following conviction before which sentence may not be pronounced, absent a waiver by the defendant, commences to run when punishment is assessed subsequent to a finding of guilt.

■ In the instant case, it is obvious that punishment was assessed and sentence pronounced the same day, December 18, 1974. Separate documents noting each event appear in the record and are each dated December 18, 1974. The judge's declaration in open court on October 10, 1974, was not an assessment of punishment. No waiver of the waiting period established in Art. 42.03, V.A.C.C.P., affirmatively appears in the record.[1] Therefore, the imposition of sentence on December 18 was premature and we are without jurisdiction to entertain this appeal. *Matheson v. State*, Tex.Cr.App., 492 S.W.2d 273; *James v. State*, Tex.Cr.App., 480 S.W.2d 690; *Payne v. State*, Tex.Cr.App., 477 S.W.2d 581; *Payne v. State*, Tex.Cr.App., 471 S.W.2d 815; *Bedell v. State*, Tex.Cr.App., 443 S.W.2d 850; *Adams v. State*, Tex.Cr.App., 440 S.W.2d 844.

Article 37.07(3)(d), V.A.C.C.P., provides:

"(d) When the judge assesses the punishment and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed."

We note that the failure of the trial court to comply with this admonition is the cause of the present problem.

1. The form sentence of the court and a printed form notation on the docket sheet recite that defendant "waives time." Such recitals are insufficient to show waiver of this right in the record on appeal. Art. 1.14, V.A.C.C.P.

Sentence may now be pronounced and appellant may give notice of appeal, if he so desires. Should notice of appeal be given, proceedings may be had in the trial court pursuant to Art. 40.09, V.A.C.C.P.

The appeal is dismissed.