Waymon P. WOODS, Appellant,

v.

The STATE of Texas, Appellee.

Homer E. RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

Don A. KUNCAS, Appellant,

v.

The STATE of Texas, Appellee.

Daniel R. PENA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 51004 to 51006, 51214, 51215 and 51469.

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

Robert A. Shivers, San Antonio, for appellant Woods.

Ted Butler, Dist. Atty., Michael Schill and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

No attorney on appeal for appellants Rodriguez, Kuncas, and Pena.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State in 51214, 51215 & 51469.

## OPINION

ROBERTS, Judge.

■ These cases present important questions concerning our appellate jurisdiction to entertain them. Specifically, the question is whether the sentence,[1] as defined by Art. 42.02, Vernon's Ann.C.C.P.,[2] in each of the cases was untimely and improperly pronounced.

In cause numbers 51,004, 51,005 and 51,-006, Woods waived trial by jury and entered pleas of guilty before the court to three indictments, each charging him with burglary of a habitation. The pleas were taken, Woods was convicted, and the court assessed punishment at seven years' confinement in each case on December 11, 1974. Because of an application for probation, a pre-sentence investigation was ordered. On January 2, 1975, the court denied probation and immediately pronounced sentence in each case. The records are silent, however, as to any waiver of the time to file a motion for new trial or motion in arrest of judgment after probation was denied.

In cause number 51,214, Rodriguez waived trial by jury and entered a plea of guilty before the court to an indictment charging him with possessing more than four ounces of marihuana. The plea was taken, Rodriguez was convicted, and the court assessed punishment at five years' confinement on December 5, 1974. Because of an application for probation, a pre-sentence investigation was ordered. On January 10, 1975, the court denied probation and immediately pronounced sentence. The record is silent, however, as to a waiver of the time to file a motion for new trial or a motion in arrest of judgment after probation was denied. In fact, the contrary ap-

---

1. The sentence (Art. 42.02, infra) should be distinguished from the assessment of punishment, since the assessment of punishment forms a part of the judgment. See Art. 42.01, Vernon's Ann.C.C.P., and *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr.App.1975).

2. "A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

pears because Rodriguez's counsel asked the court if he could have the ten days immediately after sentence was pronounced. The court replied:

"No, sir; you can file a motion for new trial. I will give you ten days to file a motion for new trial, . . ."

However, the January 10 sentence was not set aside or sentence repronounced after the expiration of the statutory time.

In cause number 51,215, Kuncas waived trial by jury and entered a plea of guilty to an indictment charging him with delivering marihuana with remuneration. The plea was taken, Kuncas was convicted, and the court assessed punishment at five years' confinement on March 31, 1975. Because of an application for probation, a pre-sentence investigation was ordered. On May 1, 1975, the court denied probation, reduced the punishment from five years' to three years' confinement, and immediately pronounced sentence. The record is silent, however, as to any waiver of the time in which to file a motion for new trial or a motion in arrest of judgment after probation was denied. In fact, on May 9, 1975, and within ten days from the time probation was denied, Kuncas filed a motion to reconsider his application for probation and a motion for new trial. No action appears to have been taken on the motion for new trial; however, the trial court denied Kuncas' motion for reconsideration of probation. The May 1 sentence was not set aside or a new sentence pronounced after the expiration of the statutory time.

In 51,469, Pena waived trial by jury and entered a plea of guilty before the court to an indictment charging him with burglary of a vehicle. The plea was taken, Pena was convicted, and the court assessed punishment at three years' confinement. Because of an application for probation, a pre-sentence investigation was ordered. On April 10, 1975, the court denied probation and immediately pronounced sentence. The record is silent, however, as to any waiver of the time in which to file a motion for

new trial or motion in arrest of judgment after probation was denied. In fact, the record reflects that after probation was denied and prior to pronouncement of sentence Pena requested ten days to file a motion for new trial. The trial judge answered that the time to file a motion for new trial had expired.

▮ A sentence, as defined by Art. 42.-02, Vernon's Ann.C.C.C.P., is required to be pronounced in all cases before an appeal is taken, except in death penalty cases and in probation cases where imposition of sentence is suspended. Art. 42.04, Vernon's Ann.C.C.P. In all cases where a sentence is required to be pronounced before an appeal is taken, such sentence must be included in the record on appeal. Art. 40.09, Sec. 1, Vernon's Ann.C.C.P. Numerous appeals of this nature have been dismissed where the required sentence did not appear in the record. See, e. g., *Black v. State*, 473 S.W.2d 469 (Tex.Cr.App.1971); *Clemons v. State*, 414 S.W.2d 940 (Tex.Cr.App.1967); *Herbort v. State*, 422 S.W.2d 456 (Tex.Cr.App.1967); *Baker v. State*, 491 S.W.2d 887 (Tex.Cr.App.1973); cf. *Casias v. State*, 503 S.W.2d 262 (Tex.Cr.App.1973). Likewise, it has been held that, in cases where sentence is required, a sentence which has been improperly and untimely pronounced requires dismissal of the appeal. *Bedell v. State*, 443 S.W.2d 850 (Tex.Cr.App.1969); *Adams v. State*, 440 S.W.2d 844 (Tex.Cr.App.1969); *Payne v. State*, 471 S.W.2d 815 (Tex.Cr.App.1971); *Matheson v. State*, 492 S.W.2d 273 (Tex.Cr.App.1973).

Article 42.03, Vernon's Ann.C.C.P., governs the time for pronouncing sentence. It provides that, in cases where sentence is required under Art. 42.02, supra, the sentence shall be pronounced at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment. Numerous appeals have been dismissed because sentence was pronounced prior to the expiration of the time provided in Art. 42.03, supra. These include *Pool v. State*, 429 S.W.2d 158 (Tex.

Cr.App.1968) *Watson v. State*, 429 S.W.2d 890 (Tex.Cr.App.1968); *Tapp v. State*, 432 S.W.2d 102 (Tex.Cr.App.1968); *Adams v. State*, 440 S.W.2d 844 (Tex.Cr.App.1969); *Gonzales v. State*, 440 S.W.2d 847 (Tex.Cr. App.1969); *McDonald v. State*, 442 S.W.2d 352 (Tex.Cr.App.1969); *Clark v. State*, 442 S.W.2d 353 (Tex.Cr.App.1969); *Posas v. State*, 443 S.W.2d 849 (Tex.Cr.App.1969); *Bedell v. State*, 443 S.W.2d 850 (Tex.Cr. App.1969); *Stuart v. State* (two cases), 445 S.W.2d 743 (Tex.Cr.App.1969); *Grimes v. State*, 449 S.W.2d 270 (Tex.Cr.App.1969); *Duke v. State*, 462 S.W.2d 596 (Tex.Cr.App. 1971); *Singleton v. State*, 468 S.W.2d 405 (Tex.Cr.App.1971); *Payne v. State*, 471 S.W.2d 815 (Tex.Cr.App.1971); *Payne v. State*, 477 S.W.2d 581 (Tex.Cr.App.1972); *James v. State*, 480 S.W.2d 690 (Tex.Cr. App.1972); *Matheson v. State*, 492 S.W.2d 273 (Tex.Cr.App.1973); *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr.App.1975).

Art. 40.05, Vernon's Ann.C.C.P., governs the time for filing motions for new trial. It provides, in part:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed. Such motion shall be presented to the court within ten days after the filing of the original or amended motion, and shall be determined by the court within twenty days after the filing of the original or amended motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal."

Art. 41.02, Vernon's Ann.C.C.P., provides that a motion in arrest of judgment must be made within ten days after conviction.

In *Posas v. State*, 443 S.W.2d 849 (Tex.Cr. App.1969), the appellant was adjudged guilty on April 23, 1968; however, the punishment was not assessed until May 24, 1968. On the same day punishment was assessed appellant was sentenced. On June 3, 1968, the tenth day after punishment was assessed on May 24, appellant filed his motion for a new trial. The appeal was ordered dismissed because appellant was sentenced prior to the time provided in Art. 42.03, Vernon's Ann.C.C.P.

In *Singleton v. State*, 468 S.W.2d 405 (Tex.Cr.App.1971), appellant was found guilty on October 15, 1969; however, punishment was not assessed until November 3, 1969. On November 13, 1969, the appellant filed his motion for new trial. The appellant did not waive the time allowed by law to file his motion for new trial and agree to accept sentence at an earlier time. This Court dismissed the appeal because the sentence was pronounced prior to the expiration of the time provided in Art. 42.03, Vernon's Ann.C.C.P.

In *Faurie v. State*, 528 S.W.2d 263 (Tex. Cr.App.1975), appellant was found guilty on September 23, 1974. Punishment was not assessed until December 18, 1974. This Court, in construing the term "conviction" as used in Art. 40.05, Vernon's Ann.C.C.P., relating to motions for new trial, and Art. 41.02, Vernon's Ann.C.C.P., relating to motions in arrest of judgment, held that an adjudication of guilt does not amount to a "conviction." A conviction, the Court held, for the purposes of these statutes is an adjudication of guilt plus an assessment of punishment.

Thus, we are squarely faced with the question of when was punishment assessed within the meaning of *Faurie v. State*, supra. Does the time to file a motion for new trial or motion in arrest of judgment begin to run from the time the judge announces a term of years (or months, or weeks, or days, or hours) or when he informs the defendant that the term announced must be served in the Department of Corrections (or county jail) or under the supervision of a probation officer? See Art. 42.12 and Art. 42.13, Vernon's Ann.C.C.P.

We hold that the time to file a motion for new trial or motion in arrest of judgment

does not begin to run so long as an application for probation is pending without determination by the trial court. Stated another way, even though a penalty has been announced, yet an application for probation is under consideration by the trial court, the time for filing a motion for new trial or motion in arrest of judgment does not begin to run until the date the court either grants or denies probation. This is so because "a defendant can make no intelligent decision as to whether to file a motion for new trial or motion in arrest of judgment until he knows the punishment that he faces." *Faurie v. State*, 528 S.W.2d at 265.

In the instant cases the appellants did not know for sure what their punishments would be (incarceration or probationary supervision) until the date their sentences were formally pronounced, and they were thus precluded from being given the opportunity to file a motion for new trial or motion in arrest of judgment within the time provided by law. Absent a waiver of such time, we conclude that the sentence in each of these cases was prematurely pronounced. We, therefore, conclude that the appeals must be dismissed.

 The only remaining question is the posture these cases must assume when they return to the trial court.

It is an abuse of discretion for the trial judge to refuse a defendant his absolute right to file a motion for new trial or motion in arrest of judgment where the right is properly asserted. *Synagogue v. State*, 122 Tex.Cr.R. 472, 55 S.W.2d 1052 (1933). See Art. 40.05, Vernon's Ann.C.C.P. It follows that it is likewise an abuse of discretion where the trial court erroneously pronounces sentence in such a manner as to cut off completely appellant's time for filing such a motion and his ability to assert this right. Art. 40.05, supra. Moreover, it is essential that the cases be placed in the same posture they were in when the error occurred. *Garcia v. State*, 499 S.W.2d 126 (Tex.Cr.App.1973).

Therefore, we conclude that upon the issuance of this Court's mandates of dismissal, the appellants may, if they choose, file their motions for new trial or motions in arrest of judgment. The time for filing such motions shall commence with the receipt of the mandates by the clerk of the trial court. Thereafter, such amended motions as are in accord with the provisions of Article 40.05 may also be filed. Then, if these motions be overruled, the sentences may be properly pronounced and entered, and the appellants may give notice of appeal, if they desire to do so. In such event, proceedings pursuant to Art. 40.09, Vernon's Ann.C.C.P., may be had.

It is so ordered.

The appeals are dismissed.