**Gary Dale WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54163.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 27, 1978.

Kerry P. Fitzgerald, Dallas, Clifton L. Holmes, Kilgore, for appellant.

Odis R. Hill, Dist. Atty. and Alvin G. Khoury, Asst. Dist. Atty., Longview, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge:

This is an attempted appeal from a conviction for aggravated assault, enhanced by one prior felony conviction. V.T.C.A., Penal Code, Section 12.42(a). We dismiss the appeal.

On June 17, 1976, the appellant was tried by a jury which returned a verdict of guilty. On June 18, 1976, after the appellant pleaded true to the enhancement portion of the indictment, the jury assessed the appellant's punishment at six years' confinement in the Texas Department of Corrections. On June 28, 1976, the trial judge sentenced the appellant and notice of appeal was given.

Article 42.03(1), Vernon's Ann.C.C.P., states in part that:

"Sec. 1. If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced . . . at any time *after* the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment." (Emphasis added)

Article 40.05, Vernon's Ann.C.C.P., states in part that:

"A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury . ."

Finally, Article 41.02, Vernon's Ann.C.C.P., provides that a motion in arrest of judgment "must be made within ten days after conviction."

In *Faurie v. State,* 528 S.W.2d 263 (Tex. Cr.App.1975), we stated that:

"Within the meaning of these statutes, an adjudication of guilt does not amount to a 'conviction.' A conviction for the purposes of these statutes is an adjudica-

tion of guilt plus an assessment of punishment. The reason is that a defendant can make no intelligent decision as to whether to file a motion for new trial or motion in arrest of judgment until he knows the punishment that he faces. Hence, the ten-day waiting period following conviction before which sentence may not be pronounced, absent a waiver by the defendant, commences to run when punishment is assessed subsequent to a finding of guilt."

In the present case, a verdict of guilt was returned by the jury on June 17, 1976. The judgment reflects that the jury assessed punishment on June 17, 1976. However, the transcription of the court reporter's notes of the penalty stage of the trial clearly reflect that the jury did not assess the appellant's punishment until June 18, 1976.[1] Thus, since a "conviction" for the purposes of the foregoing is an adjudication of guilt plus an assessment of punishment, the appellant was not convicted until June 18, 1976. On June 28, 1976, the tenth day after the appellant's conviction, the trial judge pronounced the appellant's sentence. However, the record does not reveal that the appellant affirmatively waived his right to file a motion for new trial or motion in arrest of judgment during the remaining portion of June 28, 1976. Therefore, the imposition of sentence on June 28, 1976, was one day premature and we are without jurisdiction to entertain this appeal. *Faurie v. State,* supra.

Sentence may now be pronounced and the appellant may give notice of appeal. If notice of appeal is given, proceedings may be had in the trial court pursuant to Article 40.09, Vernon's Ann.C.C.P.

The appeal is dismissed.

VOLLERS, Judge, dissenting.

I dissent to the dismissal of this appeal. I quite agree that the sentence was untimely pronounced upon the heels of assessment of punishment. I cannot agree that because the sentence was pronounced too soon the appeal must be dismissed. Article 40.-05, V.A.C.C.P. gives any person convicted of a crime ten days in which to file a motion for new trial or motion in arrest of judgment. The pronouncement of sentence does not deprive the convicted party of this right. Article 42.03, V.A.C.C.P. provides for the pronouncement of sentence in the presence of the defendant at any time after the expiration of time allowed for making the motion for new trial or motion in arrest of judgment. The fact that the sentence is pronounced untimely may be a grounds for setting it aside upon objection by appellant, but does not invalidate the sentence.

The reliance by the majority in this case upon *Faurie v. State,* 528 S.W.2d 263 is correct in its interpretation of this case, but this case should be reexamined. The instant case presents the perfect example to show that the rule announced in *Faurie* is unsound.

In the instant case the appellant makes no suggestion that he wanted to file a motion for new trial after the assessment of punishment or that he was denied the opportunity to file a motion for new trial or motion in arrest of judgment at any time. We should only set aside a sentence which is untimely pronounced where the appellant objects to such a sentence and attempts to file or is denied the right to file a motion for new trial or motion in arrest of judgment as provided by law.

This record quite clearly reflects that the right to file a motion for new trial or motion in arrest of judgment after assessment of punishment was waived by inaction by the appellant in this cause. We have consistently held that there is a waiver of constitutional rights by the failure to urge them. It is inconceivable to me that a constitutional right can be waived by failure to urge it but a statutory right can not be.

I dissent.

1. The judgment should be corrected to reflect that the jury assessed the appellant's punishment on June 18, 1976.