**Clyde Wayne LOVETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58565.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 27, 1978.

Charles C. Orsburn, Joseph Paul McGuffy, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Robert N. Burdette, Asst. Dist. Attys., Houston, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape; punishment was assessed by the court at twelve years.

We are confronted at the outset with defects in the record that require dismissal. The sentence was pronounced immediately upon the heels of assessment of punishment without waiver of the time allowed by statute for motion for new trial or in arrest of judgment. Although the docket sheet and form sentence recite "ten days time waived," this is not sufficient to reflect the required waiver, and furthermore is in conflict with the true proceedings reflected in the transcribed court reporter's notes. *Middleton v. State,* 537 S.W.2d 25 (Tex.Cr.App.). Although the record shows that a motion for new trial was filed and a hearing on it was conducted, those proceedings occurred *before* assessment of punishment and therefore before entry of judgment. The time for those proceedings is after judgment and before sentence. See Art. 40.05, V.A.C.C.P.; *Woods v. State,* 532 S.W.2d 608 (Tex.Cr.App.); *Faurie v. State,* 528 S.W.2d 263 (Tex.Cr.App.).

Because the sentence was pronounced too soon, the appeal must be dismissed. *Bedell v. State,* 443 S.W.2d 850 (Tex.Cr.App.); *Matheson v. State,* 492 S.W.2d 273 (Tex.Cr. App.); *Woods, Faurie, Middleton,* all supra. After proper time for motion for new trial has passed and any such motion disposed of, timely sentence should be pronounced and notice of appeal may be given.

The appeal is dismissed.

VOLLERS, Judge, dissenting.

I dissent to the dismissal of this appeal. I quite agree that the sentence was untimely pronounced upon the heels of assessment of punishment. I cannot agree that because the sentence was pronounced too soon the appeal must be dismissed. Article 40.-05, V.A.C.C.P. gives any person convicted of a crime ten days in which to file a motion for new trial or motion in arrest of judgment. The pronouncement of sentence does not deprive the convicted party of this right. Article 42.03, V.A.C.C.P. provides for the pronouncement of sentence in the presence of the defendant at any time after the expiration of time allowed for making the motion for new trial or motion in arrest of judgment. The fact that the sentence is pronounced untimely may be a grounds for setting it aside upon objection by appellant, but does not invalidate the sentence.

The reliance by the majority in this case upon prior opinions of this Court correctly interprets those cases but those cases should be reexamined. A case such as this presents the perfect example to show that the rule pronounced in *Woods v. State,* 532 S.W.2d 608 and *Faurie v. State,* 528 S.W.2d 263 is unsound.

In the instant case the appellant makes no suggestion that he wanted to file a motion for new trial after the assessment of punishment or that he was denied the opportunity to file a motion for new trial or motion in arrest of judgment at any time. We should only set aside a sentence which is untimely pronounced where the appellant objects to such a sentence and attempts to file or is denied the right to file a motion for new trial or motion in arrest of judgment as provided by law.

This record quite clearly reflects that the right to file a motion for new trial or motion in arrest of judgment after assessment of punishment was waived by inaction by the appellant in this cause. We have consistently held that there is a waiver of constitutional rights by the failure to urge them. It is inconceivable to me that a constitutional right can be waived by failure to urge it but a statutory right can not be.

I dissent.