**AFFIRM; DISMISS; and Opinion Filed July 8, 2018.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00499-CR**
**No. 05-12-00500-CR**

**TAM THANH NGUYEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-61349-N and F11-61350-N**

## MEMORANDUM OPINION

Before Justices Moseley, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Appellant Tam Thanh Nguyen appeals his convictions for unlawful possession of a firearm by a felon and possession of methamphetamine. For the following reasons, we affirm the conviction in the firearm case and dismiss the appeal in the drug case. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

### BACKGROUND

While on routine patrol, a police officer saw appellant holding a plastic grocery bag and knocking on the door of a suspected drug house. The officer approached appellant. Appellant said he was visiting a friend and began to walk away. Appellant said he needed to leave and sprinted away from the officer. The officer chased appellant and saw appellant drop the grocery

bag in the parking lot. Appellant also opened his hand as if to throw something. The officer caught appellant but had difficulty getting control of appellant's right hand because appellant kept moving his hand in his waist area. The officer eventually arrested appellant and found an empty holster on his waist. Appellant also had a glass pipe in his pants pocket. The grocery bag contained marijuana. When other officers arrived, they searched the area where appellant was arrested and found a gun and a "baggie" of methamphetamine. The gun fit appellant's holster perfectly.

The State charged appellant with unlawful possession of a firearm by a felon and possession of less than one gram of methamphetamine. The State alleged fraudulent use or possession of identification (the ID case) as the underlying felony in the firearm case. Appellant pleaded not guilty to both indictments and tried the cases together to a jury. The jury convicted appellant in each case and assessed his punishment at five years' confinement and a $5,000 fine in the firearm case, and three years' confinement in the drug case. The trial court read the jury's verdicts in both cases and then orally pronounced sentence as five years' confinement and a $5,000 fine.

Appellant raises two issues on appeal. First, he argues that the State's evidence linking him to the ID case was insufficient to support the firearm conviction. Second, he argues that the appeal in the drug case must be dismissed because the trial court did not orally pronounce sentence in his presence and, as a result, there is no valid judgment in that case to appeal.

### UNLAWFUL POSSESSION OF A FIREARM

In issue one, appellant challenges the sufficiency of the evidence linking him to the ID case alleged as the prior felony conviction in the firearm case.

When an appellant challenges the sufficiency of the evidence to support a conviction, we examine all the evidence in the light most favorable to the verdict to determine whether any

rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id*.

An essential element of the crime of unlawful possession of a firearm by a felon is the defendant's status as a felon. *See* TEX. PENAL CODE ANN. § 46.04(a) (West 2011). To satisfy this element, "the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The rules do not dictate a certain method by which the State must prove this element. *See id*. at 921–22. Instead, each case must be judged on its own merits in determining whether the State met its burden. *Id*. at 921 n.8. The issue we must decide is whether the jury could look at the totality of the evidence admitted and determine beyond a reasonable doubt that there was a previous conviction and the defendant was the person convicted. *Id*. at 923.

To prove that appellant was the person convicted in the ID case, the State presented the testimony of Deputy Margaret Brown, a fingerprint expert. Brown testified that ordinarily she would link appellant to the ID case by comparing a set of appellant's known prints to the prints in the ID case. But she said the fingerprints included with the judgment in the ID case were of poor quality and not suitable for comparison. So she obtained a copy of the prints made when the defendant in the ID case was arrested. She compared those book-in prints to appellant's known prints, and they matched.

Appellant argues that the State did not link him to the ID case because the case number on the book-in card is different from the case number on the judgment in the ID case. But Brown testified without objection that the State added charges to the original arrest charge and that the person arrested on the original charge was the same person who was convicted in the ID case. In

addition, the name of the arrestee on the book-in card and the name of the person convicted in the ID case were the same—Tam Thanh Nguyen. And the book-in card described the arrested person as an Asian male, five feet five inches tall with brown eyes and black hair, and born on August 31, 1980. A reasonable jury could compare the personal descriptors contained on the book-in card with appellant's description and conclude that the totality of the State's evidence linked appellant to the prior conviction beyond a reasonable doubt. *See id.* at 925. We resolve issue one against appellant.

### POSSESSION OF METHAMPHETAMINE

In issue two, appellant argues that the judgment is not valid in the drug case because the trial court did not pronounce sentence in his presence. He argues that without a valid, written judgment, his appeal must be dismissed. The State argues that the pronouncement of sentence was ambiguous and that we should abate the appeal to allow the trial court the opportunity to pronounce sentence in appellant's presence.

After the trial court read the jury's verdict in each case, it said,

The Court, having accepted the jury's verdict in guilt innocence as well as on punishment hereby assesses the punishment at five years imprisonment in the Institutional Division of the Texas Department of Corrections and a fine in the amount of $5,000.

The court referred to the "jury's verdict"—singular. And while the court did not refer specifically to either case when pronouncing the sentence, the sentence pronounced was the sentence assessed by the jury in the firearm case. The written judgment in the drug case reflects the punishment assessed by the jury, three years' confinement, but the trial court did not orally pronounce a three-year sentence in either case.

The sentence assessed in a criminal case must be orally pronounced in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a) (West Supp. 2012). When no oral pronouncement is made, there is no valid judgment and no "conviction" to appeal. *Thompson v.*

–4–

*State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). As a result, we do not have jurisdiction over the appeal of the drug case. *Id.*; *Woods v. State*, 532 S.W.2d 608, 610 (Tex. Crim. App. 1976) (stating appeal must be dismissed when "the required sentence did not appear in the record"). We do not abate the case, however, as the State urges, because appellant does not raise any other issues that we would need to consider upon reinstatement. We sustain appellant's second issue and dismiss the appeal in case no. 05-12-00500-CR for want of jurisdiction.

CONCLUSION

We affirm the trial court's judgment in case no. 05-12-00499-CR. We dismiss the appeal in case no. 05-12-00500-CR for want of jurisdiction.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

120499F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TAM THANH NGUYEN, Appellant

No. 05-12-00499-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-61349-N.
Opinion delivered by Justice Lang-Miers, Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of July, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TAM THANH NGUYEN, Appellant

No. 05-12-00500-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F11-61350-N.

Opinion delivered by Justice Lang-Miers, Justices Moseley and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 8th day of July, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE