### LIZZIE CRAVENS v. THE STATE.

#### No. 9.   Decided October 27, 1909.

**1.—Retaxing Costs—Constitutional Law—Special and General Legislation.**

Section 56, article 3, of the Constitution of Texas, as to special and local legislation, must be construed in connection with section 5, article 11, of the Constitution of Texas, providing for special charters of cities having more than ten thousand inhabitants; and said first provision of the Constitution does not apply to special city charters granted cities having more than ten thousand inhabitants.

**2.—Same—Special and General Legislation—Rule of Construction.**

The true test in determining whether legislation is local or general is to consider the substance thereof, and not its form merely, and that, if considered with reference to what is enacted, it is in its nature special or local, and such as might have been enacted on notice and by special law, it should and must, in a proper case, be sustained as a local measure, notwithstanding it is clothed with a vesture of a general law.

**3.—Same—Presumption of Law—Notice of Special Law.**

Where an Act of the Legislature on its face is framed in form as if it were intended to be a general law, and yet it relates wholly to the compensation of officers in a city having a population of more than thirty thousand and less than forty thousand population, it is, nevertheless, a special or local law, and in the absence of any showing to the contrary it must be presumed that all the prerequisites to the passage of same as a local or special law had been complied with.

**4.—Same—Constitutional Law—Due Notice—Presumption.**

The Act of the Thirtieth Legislature fixing the compensation of county attorneys in cities of over thirty thousand and under forty thousand population, according to the census of 1900, is a local law, and is constitutional; and it will be presumed, in the absence of any showing to the contrary, that due notice, as provided by section 57, article 3, of the Constitution of Texas, was given before the bill upon which said Act is based was introduced in the Legislature.

**5.—Same—Case Stated—Fee of County Attorney.**

Appellant was fined for a misdemeanor in the Corporation Court of the city of Galveston, and a fee of $10 of the county attorney adjudged against her as a part of the costs, under the Act of the Thirtieth Legislature fixing the compensation of county attorneys in cities of over thirty thousand afid under forty thousand population according to the census of 1900, and thereupon appealed to the Criminal District Court of Galveston County for the purpose of retaxing costs and striking out said attorney's fee, which said motion to retax costs was overruled by said District Court. Held no error, and that said Act under which said fee is assessed is a special law applying to the city of Galveston, and that, in the absence of proof to the contrary, it must be assumed that the proper notice of its introduction in the Legislature was given.

Appeal from the Criminal District Court of Galveston.   Tried below before the Hon. E. R. Campbell.

Appeal from a judgment refusing to retax costs and to strike therefrom a fee of $10 of the county attorney, assessed against appellant in the Corporation Court of the city of Galveston under the Act of the Thirtieth Legislature fixing compensation of county attorney, etc.

The opinion states the case.

*R. H. & Alice S. Tiernan* and *John T. Wheeler,* for appellant.

*F. J. McCord,* Assistant Attorney-General, and *Miles Crowley* and *James B. & Charles J. Stubbs,* for the State.—Cited cases in the opinion.

RAMSEY, Judge.—This is an appeal prosecuted by Lizzie Cravens from an order of the Criminal District Court of Galveston County, refusing to retax the cost in a case in said court wherein she had been convicted, and to exclude and strike therefrom the sum of $10 assessed and taxed as a proper fee of the County Attorney of Galveston County for representing the State therein. The order appealed from in substance adjudges the fees so taxed to be proper and legal and recites, "It is therefore ordered, adjudged and decreed that the aforesaid motion to retax costs be and the same is hereby in all things overruled." Appellant was allowed twenty days after adjournment within which to file bill of exceptions and statement of facts. By bill of exception it is recited that the following facts were adduced in evidence by appellant: A complaint was filed in the Corporation Court in Galveston on November 23, 1908, in which appellant was charged with unlawfully being under the influence of intoxicating liquors in a public place in the city of Galveston on said day; the fact that she was fined the sum of $1 in the Corporation Court from which judgment she gave notice of appeal to the Criminal District Court of Galveston County, Texas. She also offered in evidence the transcript of the record of said court which shows, among the cost in said Corporation Court, was a fee of $10 of the county attorney. It further appears that on the 5th day of February, 1909, in said Criminal District Court, appellant pleaded guilty to said charge and was fined the sum of $10 and the cost adjudged against her in the last named court, including a fee of $10 to the county attorney; that thereafter she filed her motion to strike out the fee of $10 taxed for the county attorney of Galveston County, claiming that the Act of the Legislature of Texas, under and by virtue of which said fee was taxed was in contravention of the Constitution, illegal and void. The bill recites that appellant had paid the sum of $28.05 into the registry of the court, this being the sum taxed against her (including final costs) less the said fee of $10 so taxed against her for said county attorney. This was all the evidence adduced on the hearing of the motion.

Appellant asserts that the Act of the Thirtieth Legislature, fixing the compensation of county attorneys in cities of over 30,000 population and under 40,000 population, according to the census of 1900, is unconstitutional, because it is in contravention of section 56, article 3 of the Constitution of Texas, and that same is a local and special law. This article of the Constitution provides, in substance, that the Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing any of the

several matters and things therein named. Among the matters and things against which special legislation is inhibited are the following: Incorporating cities, towns or villages, or changing their charters. This provision of the Constitution is to be construed in connection with section 5 of article 11 of the Constitution which, in terms, provides that cities having more than 10,000 inhabitants may have their charters granted or amended by special act of the Legislature. In this case the Act in question on its face is framed in form as if it were intended to be a general law and, yet, it relates wholly to the compensation of the county attorney in a city or cities having a population of more than 30,000 people and less than 40,000 inhabitants and is in aid of the enforcement of the law in such cities. It is to be noticed that the statement of facts in this record contains no suggestion, nor is any issue made, as to whether notice had in fact been given, before the meeting of the Legislature, of the purpose to introduce this bill as the Constitution requires. If under the record the Act may be sustained as a local or special law, then it becomes unnecessary to inquire whether, if treated as a general law, it would be violative of the Constitution. If it may be assumed to be, or treated as a local or special law, then we think it must be held, in the absence of any showing to the contrary, that we should and will presume that all the prerequisites to the passage of same as a local or special law had been complied with. It will be noted that section 56 of article 3 of the Constitution provides that the Legislature shall not, *except as otherwise provided in this Constitution, pass any local or special law, authorizing* among other things such an Act as that here complained of. It would, as we believe, undoubtedly be within the power of the Legislature, by special act, to prescribe the powers and duties of officers in cities and to fix their compensation. If this measure had in terms been framed as a local measure, the question would be free from difficulty. If in fact its application is local, does the form of the law change the rule? In most of the cases where similar acts have been held unconstitutional as being special legislation, it was because the Legislature was not authorized under any circumstances to pass a local law in respect thereto. Section 5 of article 11 of the Constitution provides as follows: "Cities having more than 10,000 inhabitants may have their charters granted or amended by special act of the Legislature," and may levy taxes and do other things as in said section provided. We think the true test in considering such legislation as special is not the test of form merely, but by its substance, and that if considered with reference to what is enacted it is in its nature special and such as might have been enacted on notice and by special law, it should and must in a proper case be sustained as a local measure, notwithstanding it is clothed with the vesture of a general law. It was held by our Supreme Court in the case of the city of Dallas v. Western Electric

Co. that article 3, section 56 of the Constitution prohibiting local or special legislation, does not apply to special city charters granted cities having more than 10,000 people. And it is further said that it was the purpose of the Constitution that the grant of power in the charter of a city, having more than 10,000 inhabitants shall be complete without reference to any other law. Again, it was held in the case of Texas Savings & Real Estate Investment Association v. Pierre's Heirs, 31 S. W. Rep., 426, that the Constitution, article 3, section 56, prohibiting the Legislature from passing a local or special law regulating the practice or changing the rules of evidence in a judicial proceeding, does not apply to acts granting special charters to cities containing over 10,000 inhabitants; such charters being specially authorized by article 11, section 5. Further, if it be conceded that the Act complained of is a local or special law and not a general law, then this court would and should presume conclusively, in the absence of proof to the contrary, that the Constitution was complied with as to publication of notice of the intention to apply for the passage of the Act in question as demanded by article 3, section 57 of the Constitution, and as also expressly arranged for in Revised Statutes, article 3260. This question came before the Court of Civil Appeals of the 1st Judicial District in the case of Moller v. City of Galveston, 57. S. W. Rep., 1116. In that case, discussing this matter the court say: "The Constitution prohibits the passage by the Legislature of any local or special law unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected is situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill, and in the manner to be provided by law. The evidence of such notice having been published is required to be exhibited to the Legislature before such act shall be passed." Further discussing the matter the court says: "But we are of the opinion that the passage of the Act by the Legislature is conclusive of the fact that due notice was given. The Constitution requires evidence of such publication to be exhibited to the Legislature before such act shall be passed. This we think is for the purpose of authorizing that body to pass conclusively upon this question of fact. To hold otherwise would be to relegate to the courts the ascertainment of a jurisdictional fact for the Legislature, and to unsettle every special or local law that has been passed since the adoption of the Constitution." It may be objected that this act purports, on its face, to be a general law. It, however, relates to a matter touching the municipal life of the people of Galveston and regulating the enforcement of the law in the local court of that municipality and is such a law as might properly have been included in a city charter. The fact that on its face it purports to be a general law would not deny its validity as a special law if

notice in fact were given and if it were such an Act as might have been passed as a special law and a legitimate amendment of their charter. We think on full review of the subject that the Act can, and should be sustained as a special law, and that certainly, in the absence of proof to the contrary, we should and must assume that proper notice was given.

It follows, of course, that the court did not err in overruling the motion and its action in so doing is hereby affirmed.

*Affirmed.*