**W. T. MORGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44092.**

Court of Criminal Appeals of Texas.

Sept. 23, 1971.

Lola L. Bonner, Rockport, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for unlawfully taking fish in violation of Article 952*l*–12, Sec. 1, Vernon's Ann.P.C.[1] The

1. "It is hereby made unlawful for any person to take or catch fish from the waters of Espiritu Santo Bay or in those portions of San Antonio Bay south or southeast of the Intracoastal Waterway, including all bays, bayous, lagoons, lakes, and inlets located between the Intracoastal Waterway and the Gulfward shoreline of Matagorda Island, or within one mile of Pass Caballo, as described in Article 941–2 of the Penal Code, or within one mile of any other pass leading from the above-described waters to any other bay or into the Gulf, located in Calhoun County, Texas, by any other means than hook and line, rod and reel, or trotline, or flounder gig and light, or by the use of a cast net or minnow seine, used in catching bait, not exceeding twenty (20) feet in length. Any person drawing a seine or setting a net for the purpose of taking fish in the waters of Espiritu Santo Bay or in those portions of San Antonio Bay south or southeast of the Intracoastal Waterway, or any of the waters between the Intracoastal Waterway, and the Gulfward shoreline of Matagorda Island, or within one mile of any pass located in Calhoun County, Texas, or any person catching or taking fish in such waters by any other means than by hook and line, rod and reel, or trotline, or flounder gig and light, or by the use of cast net or minnow seine not exceeding twenty (20) feet in length shall be deemed guilty of a misdemeanor, and shall be fined in a sum of not less than Twenty-five Dollars ($25.00) nor more than Two Hundred Dollars ($200.00)."

punishment was assessed by the court at a fine of $100.00.

Appellant first contends that the trial court erred in failing to find that Art. 952*l*–12 V.A.P.C. constitutes special legislation in violation of Art. III, Sec. 56, Texas Constitution, Vernon's Ann.St.

■ Even if we assume that the law in question is in fact local or special legislation, appellant's first ground of error is without merit. The title of the bill fails to show that the notice required by Art. III, Sec. 57, Texas Constitution, was not given prior to its introduction into the Legislature. This court has held that, in the absence of proof to the contrary, the court must assume that proper notice was given. Cravens v. State, 57 Tex.Cr.R. 135, 122 S.W. 29.

■ Moreover, an act of the Legislature for the protection of the fish of the state is not a special law within the prohibition of Art. III, Sec. 56, Texas Constitution. That section of the Constitution, which prohibits special legislation, provides that:

"Nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of the game and fish of this State in certain localities."

The preservation of fish in the streams and coastal waters of the state is of interest to people in all parts of the state, and legislation pertaining thereto is of general public concern. Merely because a law is designed for the preservation of fish in only certain localities does not mean that its effect is limited to the area described by the prohibition. Stephensen v. Wood, 119 Tex. 564, 34 S.W.2d 246. Since the effect of such a law is not limited to the area of its enforcement, it is not a local or special law within the meaning of Sections 56 and 57 of Art. III of the Texas Constitution. Stephensen v. Wood, supra; Tuttle v. Wood (Tex.Ct.Civ.Apps.) 35 S.W.2d 1061.

Appellant's reliance on the cited constitutional provisions is misplaced. Art. 952*l*–12, supra, does not violate the constitutional prohibition against special legislation.

■ Next, appellant contends that Art 952*l*–12, V.A.P.C., is in irreconcilable conflict with Art. 978j–1, V.A.P.C. The contention here is that Art. 952*l*–12 deprives the Texas Parks and Wildlife Commission of regulatory authority granted by Art. 978j–1. However, Section 15 of Art. 978j–1 specifically states that nothing in that article is to be construed as altering or affecting " * * * any other laws relating to netting for fish in Calhoun or Victoria Counties * * *." This provision clearly shows the legislative intent that there shall be no conflict between the two statutes.

Appellant's second ground of error is overruled.

■ By his third and fourth grounds of error, appellant complains of the seizure of his nets and the fish therein. He contends that the seizure of the fish constituted an illegal garnishment of his wages in contravention of Art. 16, Sec. 28, Texas Constitution and Art. 3832 Vernon's Ann. Civ.St. He also contends that the seizure of his nets pursuant to Art. 952*l*–12, supra, violates Art. 16, Sec. 49 Texas Constitution and Art. 3832 V.A.C.S. in that his nets were the tools of his trade and therefore exempt from seizure.

We find no merit in either contention. First, these grounds of error are not properly before this court. They are civil in nature. Second, the establishment of such a precedent would lead to anomalous results. The construction of the above cited provisions which appellant asks this court to adopt would allow a convicted gambler to keep both his winnings and roulette wheel, or a convicted burglar to retain his tools and the proceeds from his crime. We are

not prepared to so construe these provisions without cogent evidence that such a result was contemplated by the people and the legislature when they were adopted.

Finally, appellant contends that Art. 952*l*–12, supra, violates the equal protection clauses of both the Texas and the United States Constitutions.

The traditional test for determining the denial of equal protection is whether the challenged classification rests on grounds wholly irrelevant to achievement of a valid state objective. Turner v. Fouche (1970) 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567; McGowan v. Maryland (1961) 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393. The equal protection clause of the Fourteenth Amendment to the Federal Constitution does not require that a state choose between attacking every aspect of a problem or not attacking the problem at all, so long as the state's action is rationally based and free from invidious discrimination. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911). Following these principles, the Supreme Court has held that a Florida statute which forbade any person from using diving apparatus in taking commercial sponges from waters within the territorial limits of the state did not violate the equal protection clause. Skiriotes v. Florida, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193 (1940).

In the instant case, the statute in question prohibits all persons from taking fish in the described waters by the use of a net exceeding 20 feet in length. That the statute allows other methods for taking fish to be utilized in the described waters does not place it in violation of either the 14th Amendment to the Federal Constitution or Art. I, Sec. 3 of the Texas Constitution. Tuttle v. Wood, supra.

Finding no reversible error, the judgment is affirmed.