Larry **STEPHENSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49224.

Court of Criminal Appeals of Texas.

Jan. 8, 1975.

Thomas V. Priolo, Amarillo, for appellant.

George E. Dowlen, Dist. Atty., Canyon, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for conspiracy to possess marihuana.

The indictment which was presented August 20, 1973, alleges that on or about the 20th day of July, 1973, James Judge, Reginald Basset and Larry Stephenson conspired and entered into a positive agreement to possess marihuana in an amount exceeding four ounces.

James Judge, who had previously entered a plea of guilty, testified that he, Basset and Stephenson entered into a conspiracy to purchase a hundred pounds of marihuana and bring it to Amarillo to be sold. Judge obtained $7,000 from Walker and delivered it to Stephenson. Appellant and another, not charged in this indictment, supposedly went to the Rio Grande Valley with the $7,000 and other money to purchase the marihuana. Apparently there was a crack-down on drug sellers at the border and the marihuana could not be bought. Stephenson returned home with the money. Before the money could be returned to the investors, Stephenson's home was apparently burglarized and the money was stolen.

Walker, who had contributed the $7,000, requested that Stephenson and Basset and others who were involved go to a private

detective agency to take a polygraph examination. They agreed to do this, and while at the private detective agency's office, Stephenson told the private detective about the money and that he and the others were to take the money and buy marihuana and sell it in Amarillo. Later both Basset and Stephenson went to the Amarillo police department, without being requested, and talked to officers of the Potter-Randall Metro Intelligence Unit and told them the same thing that they had told the private detective.

The appellant elected to have the court assess the punishment and sought probation. It was shown at the punishment stage of the trial that appellant had previously been convicted in Montague County for the possession of marihuana and assessed probation but the term had expired.

Appellant contends that the evidence is insufficient to support the conviction.

The testimony of the accomplice witness Judge plus the admission of the appellant to the private investigator is sufficient to support the conviction.

Appellant contends that he should have been sentenced for a Class A misdemeanor offense and not a felony. On December 11, 1973, the jury returned a guilty verdict. Appellant elected to have his punishment assessed by the trial court. On December 18, 1973, a punishment hearing was conducted. After hearing testimony, the trial court announced that punishment would be assessed at two years' confinement in the Texas Department of Corrections. Appellant requested ten days to file a motion for new trial pursuant to Article 40.05, Vernon's Ann.C.C.P. A hearing on appellant's motion for new trial was scheduled for January 21, 1974. On that date appellant filed an election to be sentenced under Section 15.02(d), Vernon's Texas Code Annotated, Penal Code, providing for a punishment as a misdemeanant. The

trial court overruled appellant's motion for new trial, denied appellant's election to be sentenced under the new Penal Code and pronounced sentence at two years' confinement in the Texas Department of Corrections.

The question presented is whether the trial court erred in denying appellant's motion to be sentenced under the new Penal Code.

■■■ Section 6(c), V.T.C.A., Penal Code (effective January 1, 1974), provides:

"In a criminal action pending on or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court *before the sentencing hearing begins*." (Emphasis Supplied)

We construe "sentencing hearing" to mean the hearing at which evidence may be introduced at the punishment stage of the trial. See Article 37.07, Section 3(a) and 3(d), V.A.C.C.P. The "sentencing hearing" or punishment hearing in this case was held on December 18, 1973, thirteen days prior to the effective date of the new Penal Code. Appellant's election to be sentenced under the new Penal Code, filed on January 21, 1974, was filed *after* the "sentencing hearing." It is not necessary to pass upon the validity of Section 6(c), V.T.C.A., Penal Code, Savings Provision, Chapter 399, Miscellaneous Provisions, Texas Penal Code, because appellant did not meet its requirements. His election was too late. Cf. Ex parte Giles, 502 S. W.2d 774 (Tex.Cr.App.1973).

The other grounds of error are not properly before us for review under Article 40.09, Section 9, V.A.C.C.P.

The judgment is affirmed.