**Alex R. MENDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51756.**

Court of Criminal Appeals of Texas.

April 14, 1976.

Joe Daniel Stokes, III, Austin, Court appointed, for appellant.

Robert O. Smith, Dist. Atty., Stephen H. Capelle, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for possession of heroin; the court assessed punishment at imprisonment for 25 years.

There is a jurisdictional problem which requires that this appeal be dismissed. The record reflects that appellant was indicted on December 11, 1973, for possessing heroin on April 26, 1973, with two prior convictions alleged for enhancement of punishment. On January 28, 1974, appellant entered a plea of guilty to the primary charge; the State thereafter waived the enhancement allegations in the indictment. The appellant waived his right to elect to be sentenced under the Texas Controlled Substances Act by failing to so elect by written motion filed with the trial court. See Controlled Substances Act, Sec. 6.01(c); cf. *Stephenson v. State*, 517 S.W.2d 277 (Tex.Cr. App.1975). The trial court, after admonishing the appellant of the range of punishment for this offense under the former Penal Code, accepted appellant's plea and the appellant made a judicial confession.

Assessment of punishment was postponed in order to allow the probation department to conduct a presentence investigation.

On February 14, 1974, the trial reconvened, and without hearing further evidence, the trial court assessed appellant's punishment at imprisonment for 25 years, and immediately thereafter formally sentenced him.

■ The record before us does not reflect that the appellant voluntarily and knowingly waived his right to file a motion for new trial within the ten days after the assessment of punishment. See Article 42.03, V.A.C.C.P.; *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr.App.1975). As in *Faurie v. State*, supra, the form sentence of the court indicating that the appellant "waived time" is insufficient to show a waiver of this right in the record on appeal. See Article 1.14, V.A.C.C.P. Absent a showing that appellant affirmatively waived the ten days for filing motion for new trial, the imposition of sentence on February 14, 1974, was premature, and we are therefore without jurisdiction to entertain this appeal. See *Woods et al. v. State*, 532 S.W.2d 608 (Tex.Cr.App. 1976); *Faurie v. State*, supra, and cases cited therein.

The appellant did file a motion for new trial on February 21, 1974, which would have been timely filed had appellant not been formally sentenced on February 14, 1974. Therefore, we conclude that upon the issuance of this Court's mandate of dismissal the trial court should proceed to consider appellant's motion for new trial which was previously filed. Thereafter, any such amended motion permitted under the provisions of Article 40.05, V.A.C.C.P., may also be filed with the time for filing any such amended motion to commence with the receipt of the mandate by the clerk of the trial court. Then, if the motion for new trial or any amended motion for new trial is overruled, sentence may be properly pronounced and entered, and the appellant may give notice of appeal, if he so desires.

Should notice of appeal be given, proceedings may be had in the trial court pursuant to Article 40.09, V.A.C.C.P.

We observe that the instrument denominated "Judgment of Guilt on Plea of Guilty" does not comply with the requirements for a judgment because it does not assess punishment. See Article 42.01, V.A.C.C.P. A separate instrument is used to assess punishment, and it is not in itself sufficient to meet the requirements of a judgment under the provisions of Article 42.01, V.A.C.C.P. Although it might be argued that both instruments, which were filed on separate days, might be construed together, we do not need to decide this question. We recommend that all of the requirements for a judgment as designated in Article 42.01, V.A.C.C.P., be incorporated in one instrument.

The appeal is dismissed.

Opinion approved by the Court.