Roy Lee MIDDLETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51515.

Court of Criminal Appeals of Texas.

May 19, 1976.

John Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an attempted appeal from a conviction for attempted murder. Punishment was assessed at five (5) years.

On January 21, 1975, appellant waived trial by jury and entered a plea of guilty before the court. Because of an application for probation, a pre-sentence investigation was ordered. On March 7, 1975, the court assessed punishment and immediately imposed sentence.

In his first ground of error, appellant contends that he was deprived of his right to file a motion for new trial within ten days after punishment was assessed. We agree.

In *Woods v. State*, 532 S.W.2d 608, 611–612 (Tex.Cr.App.1976), we held as follows:

"We hold that the time to file a motion for new trial or motion in arrest of judgment does not begin to run so long as an application for probation is pending without determination by the trial court. Stated another way, even though a penalty has been announced, yet an application for probation is under consideration by the trial court, the time for filing a motion for new trial or motion in arrest of judgment does not begin to run until the date the court either grants or denies probation. This is so because 'a defendant can make no intelligent decision as to whether to file a motion for new trial or motion in arrest of judgment until he knows the punishment that he faces.' *Faurie v. State*, 528 S.W.2d [263,] 265 [Tex.Cr.App.1975].

"In the instant cases the appellants did not know for sure what their punishments would be (incarceration or probationary supervision) until the date their sentences were formally pronounced, and they were thus precluded from being given the opportunity to file a motion for new trial or motion in arrest of judgment within the time provided by law. Absent a waiver of such time, we conclude that the sentence in each of these cases was

prematurely pronounced. We, therefore, conclude that the appeals must be dismissed.

"The only remaining question is the posture these cases must assume when they return to the trial court.

"It is an abuse of discretion for the trial judge to refuse a defendant his absolute right to file a motion for new trial or motion in arrest of judgment where the right is properly asserted. *Synagogue v. State*, 122 Tex.Cr.R. 472, 55 S.W.2d 1052 (1933). See Art. 40.05, Vernon's Ann.C. C.P. It follows that it is likewise an abuse of discretion where the trial court erroneously pronounces sentence in such a manner as to cut off completely appellant's time for filing such a motion and his ability to assert this right. Art. 40.05, supra. Moreover, it is essential that the cases be placed in the same posture they were in when the error occurred. *Garcia v. State*, 499 S.W.2d 126 (Tex.Cr.App. 1973).

"Therefore, we conclude that upon the issuance of this Court's mandates of dismissal, the appellants may, if they choose, file their motions for new trial or motions in arrest of judgment. The time for filing such motion shall commence with the receipt of the mandates by the clerk of the trial court. Thereafter, such amended motions as are in accord with the provision of Article 40.05 may also be filed. Then, if these motions be overruled, the sentences may be properly pronounced and entered, and the appellants may give notice of appeal, if they desire to do so. In such event, proceedings pursuant to Art. 40.09, Vernon's Ann.C.C.P., may be had."

In the instant case both the sentence and the docket sheet contain the notation "Ten days' time waived," apparently referring to the time in which to file a motion for new trial or motion in arrest of judgment. See Articles 40.05 and 41.02, Vernon's Ann.C. C.P. However, the transcription of the court reporter's notes does not reflect a waiver of the time in which to file such motions and there is no other instrument in the record which shows that appellant waived the time provided in Articles 40.05 and 41.02, supra.

 We are unable to say that the notations concerning the waiver of "ten days" constituted a waiver of the time in which to file a motion for new trial or motion in arrest of judgment. Similar notations were found not to constitute such waiver in *Faurie v. State*, supra. Therefore, we have reached the conclusion that the March 7, 1975, sentence was premature. The sentence having been improperly and untimely pronounced, we are without jurisdiction to hear this appeal. *Bedell v. State*, 443 S.W.2d 850 (Tex.Cr.App.1969); *Matheson v. State*, 492 S.W.2d 273 (Tex.Cr.App. 1973). *Woods v. State*, supra.

As in *Woods*, the only remaining question is the posture this case must assume when it is returned to the trial court. We hold that the procedure recommended in *Woods* must be followed in this case. Upon receipt of this Court's mandate, the appellant may, if he chooses, file his motion for new trial or in arrest of judgment; thereafter, proceedings in accord with the opinion in *Woods* shall be followed.

It is so ordered.

The appeal is dismissed.