**Howard Glenn COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59421.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 8, 1978.

Rehearing En Banc Denied Dec. 6, 1978.

534

George B. Shepherd, Jr., Dallas, for appellant.

Henry M. Wade, Dist. Atty., William M. Lamb, James G. Walker, and Michael R. Gillett, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. After the court accepted appellant's plea of guilty, punishment was assessed at six years.

The record on appeal was approved by the trial judge on December 22, 1977. Art. 40.09(7), V.A.C.C.P. No extensions of time for filing appellant's brief were granted (see Art. 40.09(16), V.A.C.C.P.), so it was due on January 21, 1978. Art. 40.09(9), V.A.C.C.P. The brief had not been filed by then. The record, however, does contain an affidavit by appellant executed on July 17, 1978, stating that his first retained attorney on appeal neglected to file a brief for him even though he had been paid fees in the case, that he later discovered the first attorney's neglect and hired another attorney, and that the trial court then allowed the second attorney until June 8, 1978, to file a brief. Appellant's brief was filed on June 8.

■ The proper procedure would have been for appellant's second retained counsel to have filed the affidavit with this Court, along with a motion for extension of time under Art. 40.09(16), supra, pursuant to Rule 15, Art. 44.33, V.A.C.C.P., and requesting a waiver of the time limit under that rule due to the special circumstances.[1] Were the matter of abandonment by retained counsel on appeal raised by application for habeas corpus, the relief would be an out-of-time appeal. *Ex parte Raley,* Tex.Cr.App., 528 S.W.2d 257. Where facts supporting such relief are shown in the midst of the appellate process, there is no reason why the most effective remedy, i. e.,

extension of time for a brief by subsequent counsel, should not be granted. Accordingly, finding the affidavit in the record sufficient to support extension of time for filing a brief, we will consider appellant's brief on the merits.

■ Appellant first contends the indictment is fundamentally defective for failure to allege the deadly weapon any more specifically than as a knife.[2] There was no motion to quash. Cf. *Drumm v. State,* 560 S.W.2d 944. The case cited in appellant's brief for the proposition that a knife is not a deadly weapon per se, *Harris v. State,* 562 S.W.2d 436, speaks to the matter of proof, not of pleading. Absent an adequate motion to quash, the indictment is sufficient. The ground of error is overruled.

■ It is next submitted that the evidence is insufficient to support appellant's guilty plea. Art. 1.15, V.A.C.C.P. Appellant argues that the judicial confession only refers to the knife as a deadly weapon, with no admission regarding its use or intended use.

The State points out that the written judicial confession admitted to support appellant's plea contained an impossible date. That instrument recites that the offense was committed on June 24, 1977, whereas the indictment was returned on January 27, 1977. It is true that this written judicial confession cannot support the guilty plea. When appellant took the stand and testified, however, he stated that he was pleading guilty just as he was charged in the indictment, and that he was saying he was guilty regardless of what punishment the court would assess. We consider this was a sufficient judicial confession to support the plea under Art. 1.15, supra. Cf. *Potts v. State,* Tex.Cr.App., 571 S.W.2d 180, and authorities cited there.

---

1. The trial court was without authority to grant an extension of time under Art. 40.09(16), supra. Although the trial court has a duty to compel appointed counsel to file a brief and represent his client, *Yates v. State,* Tex.Cr. App., 557 S.W.2d 115, and may consider a late brief and grant a new trial thereon, so long as it still has jurisdiction of the case, *Yates,* supra,

even then when the record reaches this Court, it will make its own determination of whether to consider the brief. *Yates,* supra.

2. The indictment alleges:
". . . did then and there by using and exhibiting a deadly weapon, to-wit: A KNIFE, . . ."

Finally, appellant argues the sentence was prematurely pronounced because the time allowed for a motion for new trial was not waived by written instrument. The transcribed court reporter's notes reflect an effective waiver in open court. This is sufficient. Cf. *Middleton v. State*, Tex.Cr.App., 537 S.W.2d 25. The ground of error is overruled.

The judgment is affirmed.