Ricky Dean **HOUSEWRIGHT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 55651.

Court of Criminal Appeals of Texas, En Banc.

Nov. 15, 1978.

---

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for knowingly and intentionally possessing a usable quantity of marihuana in an amount of less than two ounces. Punishment was assessed at 30 days in jail.

In our prior opinion of September 14, 1977, we concluded that the sentence in the instant case had been prematurely pronounced and dismissed the appeal. Upon reconsideration, that opinion is now ordered withdrawn; and, for the reasons to be stat-

ed below, the judgment of the trial court is affirmed.

Article 42.03, Sec. 1, Vernon's Ann.C.C.P., governs the time for pronouncing sentence. It provides that "sentence shall be pronounced in the presence of the defendant except when his presence is not required by Article 42.02 at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment." Article 40.05, Vernon's Ann.C.C.P., governs the time for filing a motion for new trial, and Article 41.02, Vernon's Ann.C.C.P., governs the time for making a motion in arrest of judgment. Numerous decisions of this Court have held that a sentence, as defined by Article 42.02, Vernon's Ann.C.C.P., should not be pronounced until after the expiration of the time for making a motion for new trial or motion in arrest of judgment, unless such time is waived by the defendant. Many of these cases are cited in *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr.App.1976). In *Shields*, on State's motion for rehearing, we discussed the question of whether an untimely pronounced sentence could be collaterally attacked. There we stated:

"After due consideration, we hold that a sentence untimely pronounced results in an irregularity in the proceedings and renders the sentence voidable as opposed to void. Such irregularly pronounced sentence is not to be equated with the failure to pronounce sentence with regard to the jurisdiction of this court. Prior decisions so indicating were in error. If an attack is made upon such voidable sentence on direct appeal or the matter is called to the attention of this court in any manner while the appeal is pending, the appeal will be dismissed. If no appeal is taken or if the matter of untimely pronounced sentence is not called to the appellate court's attention in any manner on appeal, such voidable only sentence will not be subject to collateral attack by habeas corpus proceedings or otherwise."

▮ The only thing in the record before us to suggest that sentence may have been untimely pronounced in the instant case is

that it was pronounced on December 16, 1976, which was the same day appellant was convicted and judgment was entered. The only indication of a waiver of the time allowed for filing a motion for new trial or motion in arrest of judgment is an instrument that was filed at the time of appellant's guilty plea, but before the finding of guilt, assessment of punishment, and entry of judgment. If this were the only purported waiver of the time allowed to file such motions, it would be premature and ineffective. *McConathy v. State*, 545 S.W.2d 781 (Tex.Cr.App.1976). Neither the court's docket sheet nor the sentence reflects that appellant waived the time in which to file a motion for new trial or make a motion in arrest of judgment. While it would be the better and recommended practice for them to so reflect, we know of no authority which requires the docket sheet or the sentence to reflect a waiver of the time to file such motions.

■ Both Articles 42.02 and 42.03, supra, which deal with the imposition of sentence, are procedural in nature. See also Article 42.04, Vernon's Ann.C.C.P., which provides that sentence shall be pronounced before an appeal is taken, except in certain specified cases not here applicable. In *Green v. State*, 510 S.W.2d 919 (Tex.Cr.App.1974), it was contended that the trial court erred in permitting the jury to separate after being charged without the consent of the defendant, in violation of Article 35.23, Vernon's Ann.C.C.P. That contention, however, was found to be utterly without foundation in the record. There we stated:

". . . We have repeatedly held that, where the record is silent, there is a presumption that procedural rules were complied with. See, e. g., *Davis v. State*, Tex.Cr.App., 507 S.W.2d 740 (presumed that proper number of jurors impaneled); *Bishop v. State*, Tex.Cr.App., 507 S.W.2d 745 (indictment presumed filed after commission of alleged offenses); *Lewis v. State*, Tex.Cr.App., 501 S.W.2d 88 (procedural requirements on convictions in enhancement counts presumed); *Haas v. State*, Tex.Cr.App., 498 S.W.2d 206 (exer-

cise of discretion in allowing witness who violated rule to testify presumed properly exercised); *Arnold v. State*, Tex.Cr.App., 486 S.W.2d 345 (venue proven and jury properly impaneled and sworn are presumed); *Ex parte Rocha*, Tex.Cr.App., 482 S.W.2d 169 (regularity of judgment presumed on habeas corpus); *Morgan v. State*, Tex.Cr.App., 470 S.W.2d 877 (notice prior to introduction of bill in the Legislature presumed); *Lipscomb v. State*, Tex.Cr.App., 467 S.W.2d 417 (compliance with Article 36.27, V.A.C.C.P., presumed). Where procedural requirements do not affirmatively appear in the record to have been violated, a presumption of regularity must prevail." [Footnote omitted.]

See also *McCloud v. State*, 527 S.W.2d 885 (Tex.Cr.App.1975), where it is stated:

". . . It is a cardinal rule of appellate procedure in this State that we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower court." See also *Clopton v. State*, 563 S.W.2d 930 (Tex.Cr.App. 1978).

The instant appeal appears to have been taken for the purposes of delay only. The record before us consists only of the trial court clerk's transcript. There is no transcription of the court reporter's notes or formal bills of exception. No brief was filed in the trial court in appellant's behalf in accordance with Article 40.09(9), Vernon's Ann.C.C.P., and none has been filed here. There is no showing of indigency. Consequently, on the record before us we are unable to determine whether sentence was pronounced in an untimely fashion or whether sentence was pronounced after a waiver by appellant of the time for filing a motion for new trial or making a motion in arrest of judgment.

■ As stated above, it is the better practice, and we recommend, that in cases where a defendant waives the time in which to file a motion for new trial or make a motion in arrest of judgment such waiver should be reflected on the docket sheet and sentence of the court. However, experience

has taught us that, in many cases that come before this Court where a defendant has waived the time for making such motions, such waiver is only reflected in the transcription of the court reporter's notes. Consequently, without a transcription of the court reporter's notes or a formal bill of exception in the present case showing that appellant did not waive the time for making such motions, we will presume that the court pronounced sentence after having obtained a waiver of the right to file such motions from the appellant.

Neither *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr.App.1975), *Mendez v. State*, 535 S.W.2d 365 (Tex.Cr.App.1976), nor *Middleton v. State*, 537 S.W.2d 25 (Tex.Cr.App. 1976), is contrary to today's decision. In *Faurie*, we noted that the record in that case did not affirmatively show a waiver of the time in which to file a motion for new trial or make a motion in arrest of judgment prior to the pronouncement of sentence. We also noted that the form sentence and printed notation on the docket sheet which recited that the defendant "waives time" was insufficient to show such waiver. The record in *Faurie*, however, contained a transcription of the court reporter's notes of the punishment and sentencing proceedings and showed that no such waiver was, in fact, made by the defendant. In *Mendez*, the record did not reflect that the defendant voluntarily and knowingly waived his right to file a motion for new trial within 10 days after the assessment of punishment. As in *Faurie*, the form sentence of the court indicating that appellant "waived time" was held insufficient to show a waiver of this right in the record on appeal. Like the record in *Faurie*, the record in *Mendez* contained a transcription of the court reporter's notes of the punishment and sentencing proceedings and showed that no such waiver was, in fact, made by the defendant. In *Middleton*, the court assessed punishment and imposed sentence the same day. Other than the notation on the docket sheet of "Ten days' time waived," there was no other showing of a waiver of the time in which to file a motion for new trial or make a motion in arrest of

judgment. However, the record in *Middleton*, like the ones in *Faurie* and *Mendez*, contained a transcription of the court reporter's notes of the punishment and sentencing proceedings. There we stated:

"In the instant case both the sentence and the docket sheet contain the notation 'Ten days' time waived,' apparently referring to the time in which to file a motion for new trial or motion in arrest of judgment. See Articles 40.05 and 41.02, Vernon's Ann.C.C.P. *However, the transcription of the court reporter's notes does not reflect a waiver of the time in which to file such motions and there is no other instrument in the record which shows that appellant waived the time provided in Articles 40.05 and 41.02, supra.* [Emphasis supplied].

"We are unable to say that the notations concerning the waiver of 'ten days' constituted a waiver of the time in which to file a motion for new trial or motion in arrest of judgment. Similar notations were found not to constitute such waiver in *Faurie v. State*, supra. Therefore, we have reached the conclusion that the March 7, 1975, sentence was premature.
. . ."

■ We apply the procedural presumption of regularity of *Green v. State*, supra, to the sentence which was pronounced in the instant case, as it does not affirmatively appear from the record that Article 42.03, supra, was violated. Therefore, we hold that, without a transcription of the court reporter's notes or formal bill of exception showing that a defendant did not, in fact, waive the time in which to file a motion for new trial or make a motion in arrest of judgment prior to the pronouncement of sentence, we will presume that any sentence pronounced before the expiration of the 10 day period after the assessment of punishment was pronounced in a timely fashion.

Our examination of the record reveals nothing which should be reviewed as unassigned error in the interest of justice under Article 40.09(13), Vernon's Ann.C.C.P. Nothing is presented for review.

The judgment is affirmed.

VOLLERS, Judge, concurring.

While I certainly agree with the Presiding Judge that the procedural presumption of regularity is applicable to a situation like this in order to uphold the validity of the sentence which was pronounced, I feel that the Court has not gone far enough in solving the problem which is presented in cases such as this. It appears that the present opinion leaves open the question that the appellant could come back at some point, many days past the time in which to file a motion for new trial, and establish a record showing that there was in fact no waiver, other than by silence, of the ten day period in which to file a motion for new trial. I find such a position lacking.

> Article 40.05 V.A.C.C.P. provides that: "A motion for new trial shall be filed within ten days after conviction as evidenced by the verdict of the jury . ."

It thus appears that the legislature has given every convicted defendant the right to file such a motion in order to develop such facts as may be necessary to convince a trial court that he should be granted a new trial, or to make a record for appeal to the Court of Criminal Appeals. It has long been recognized by this Court that such a motion is not a prerequisite to an appeal but is necessary in order to preserve certain matters for review by the Court of Criminal Appeals when they involve facts which are not reflected by the record. The timetable makes it imperative that the defendant, or his attorney, make a decision within ten days as to whether or not he needs or wants to file a motion for new trial. Failure to file such a motion ends the matter, unless the trial judge authorizes, for good cause shown, the filing of a late motion for new trial.

To implement the defendant's right to file a motion for new trial and develop such matters the legislature further provided in Article 42.03 C.C.P. that:

> "If a new trial is not granted, nor judgment arrested in felony and misdemeanor cases, the sentence shall be pronounced in the presence of the defendant at any time after the expiration of the time allowed for making the motion for new trial or the motion in arrest of judgment . ."

Thus it is clear that in the proper order of procedure provided for by the legislature a careful trial judge would wait ten days before pronouncing sentence to see whether or not the defendant wished to file a motion for new trial, which he has a right to do, or determine whether the defendant waives such period of time. But we are not dealing with the ideal situation; we are dealing with one in which sentence was pronounced within the ten day period of time after verdict. We are further presented with a situation where it has never been suggested, either to the trial court or this Court, that the defendant wished to present a motion for new trial or that he had any grounds to review on appeal which must be preserved by the presentation of evidence at a motion for new trial.

The right which has been granted to the defendant by the act of the legislature to file a motion for new trial or motion in arrest of judgment within ten days from the date of conviction is certainly no more significant or fundamental than rights guaranteed by the Constitution of the United States or Constitution of the State of Texas. Cases are legion which hold that constitutional rights can be waived by failure to assert them. Therefore, it would be perfectly logical that unless there is a specific waiver by the appellant or his attorney there would be a right to file a motion for new trial or motion in arrest of judgment within ten days after conviction, whether the sentence was pronounced or not; but this right would be waived by failure to assert it. That is exactly what we have in this case.

It would appear that the sentence which was pronounced was "voidable" upon the option of the appellant by attempting to file a motion for new trial or motion in arrest of judgment within ten days after verdict. If such a right was urged then the sentence should be set aside at appellant's option. This record clearly reflects that he

did not choose to do this and made no attempt to assert such a right.

I therefore concur in the result that the sentence pronounced before expiration of the ten day period after assessment of punishment is not void and this Court has jurisdiction to consider this appeal.

ROBERTS, Judge, dissenting.

A trial judge is more than an umpire. He is not simply a caller of balls and strikes. He is "the principal public official whose obligation it is in a criminal case to see that 'all individuals are tried and sentenced in accordance with law.'" *Moon v. State*, 372 S.W.2d 681, 689 (Tex.Cr.App. 1978) (opinion of Roberts, J., on rehearing). He is assumed to know the law, both substantive and procedural.

Procedural law for criminal cases is established by the Legislature so that a lawyer representing clients may go anywhere in the State and be assured that the procedure will be the same. See *Bouie v. State*, 565 S.W.2d 543, 554–555 (Tex.Cr.App.1978) (dissenting opinion).

In this case the trial judge pronounced sentence without allowing the necessary ten days to elapse for a motion for new trial or motion in arrest of judgment, and, in addition, he failed to ascertain if the appellant wished to waive his right to this ten-day period. The right to have ten days to file these motions is fundamental to our procedure. See *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App.1976), and authorities there cited.

As in *Woods*, I would dismiss the appeal.