Ronnie PERALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–673CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 21, 1982.

Norwood J. Ruiz, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for aggravated robbery. Appellant entered a plea of guilty and the court assessed punishment at six years confinement in the Texas Department of Corrections. We affirm.

In his sole ground of error appellant contends that the trial court erred in denying his pretrial Motion to Quash the Indictment, which moved to require a more specific description of the knife alleged therein as the deadly weapon used or exhibited in the commission of the offense of aggravated robbery charged.

Appellant argues and the State agrees that *Cooper v. State*, 573 S.W.2d 533 (Tex. Cr.App.1978) strongly suggests that the description in the indictment ("... did then and there by using and exhibiting a deadly weapon, to-wit: a knife ...") is insufficient and that the trial court erred in denying appellant's motion to quash.

 Texas statutes and case law recognize a distinction between an objection to an indictment or information based on substance and an objection based on form. *See* Tex.Code Crim.Pro. art. 27.08 & 27.09 (Vernon 1966); *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). A defect in the substance of the charge is a fundamental defect and may be raised for the first time on appeal. *Id.* Exception to defects of form of the charge must be raised in the trial court. *Id.* An indictment for aggravated robbery which fails to allege the deadly weapon used or exhibited more specifically than as a knife is sufficient absent a motion to quash. *Cooper v. State*, 573 S.W.2d 533. The failure of an indictment for aggravated robberty to allege the deadly weapon used or exhibited more specifically than as a knife is not fundamentally defective. *See Id.* However, when a defendant petitions for sufficient notice of what the State will rely upon to convict by motion to quash adequately setting out why notice is deficient, the presumption of innocence coupled with his right to notice requires that he be given such notice. *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980); *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977). A defendant's timely motion to quash entitles him to allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he is charged. *Cruise v. State*, 587 S.W.2d 403 (Tex.Cr.App.1979); *Drumm v. State*, 560 S.W.2d 944. We recognize that appellant's timely claim of inadequate notice requires careful consideration from the perspective of the accused. *Id.*

 In the present case appellant timely moved to quash the indictment, specifying why the notice was deficient. However, we need not decide whether the Motion to Quash should have been granted, for after his Motion to Quash was denied appellant proceeded to enter a plea of guilty and sign a written, judicial confession which reads as follows:

> Under oath, in writing, and in open Court, I swear that I have read the indictment and understand everything it contains; that I committed each and every element alleged; and that I am guilty as charged.

Appellant also signed a written Stipulation of Evidence in which he stipulates as follows:

> On the 3rd day of March, 1981, in Galveston County, Texas, I did then and there while in the course of committing theft and with intent to appropriate and maintain control of property of Jeannette Garcia and with intent to deprive the said owner Jeanette Garcia of said property, did then and there by using and exhibiting a deadly weapon, to wit: a knife, intentionally and knowingly threaten and place Jeannette Garcia in fear of imminent bodily injury and death.

Appellant did not plead "not guilty"; he did not attempt to prepare or establish any defense to the charge, nor did he put the State to their proof; he elected to admit his guilt and signed a valid judicial confession. Thus, the omission of a more specific description of the knife did not hinder or harm appellant in preparing a defense. The record reflects no prejudice to the substantial rights of appellant and, therefore, is not ground for reversal. Craven v. State, 613 S.W.2d 488 (Tex.Crim.App.1981); *Perdue v. State*, 171 Tex.Cr.R. 332, 350 S.W.2d 203 (1961).

We therefore affirm the judgment of the trial court.