82,069-01

Honorable Tom Price, Judge
Court of Criminal Appeals
Tom C. Clark State Bldg.
P.O. Box 12308, Capitol Station
Austin, TX 78711

Re: Ex Parte Bradley Hensley, II
Writ No. 82,069-01

Your Honor,

Mail Accept. Clerk

JAN 2 6 2015

COURT OF CRIMINAL APPEALS
RECEIVED IN

MOTION DISMISSED
DATE: 2-2-15
BY: PC

On September 24, 2014, the above styled and numbered application was denied based on the findings of the Trial Court. This application was premised on the failure of the indictment to properly charge the use or exhibition of a deadly weapon within the application paragraph of the indictment (please see attached). Specifically, because the indictment alleged that an automobile was used or exhibited as a deadly weapon, the indictment was thus fundamentally defective because it failed to include the language set forth in **Texas Penal Code Section 1.07 (17)(B)**, charging that the automobile was used in a manner "capable" of causing death or serious bodily injury. The application paragraph merely alleged that the Applicant threatened an individual with imminent bodily injury by hitting or ramming the vehicle in which the victim was situated. In **Foley V. State, 327 S.W. 3d 907 (Tex. App.-Corpus Christi 2010)**, the Court of Appeals determined that several factors must be used to determine whether a Defendant's driving was reckless or dangerous, such as: (1) Intoxication; (2) Speeding; (3) Disregarding traffic signs; (4) Driving erratically; and (5) Failure to control the vehicle. Most importantly, the Courts have continually held that "A hypothetical potential for danger" is insufficient to support a deadly weapon determination. In retrospect, when the indictment adequately tracts the language of the **Texas Penal Code Section 1.07 (17)(B)**, then it remains sufficient due to the word "capable" being contained within the provision, thus enabling the statute to cover conduct that "threatens" deadly force, **McCain V. State, 22 S.W. 3d 497 (Tex. Crim. App. 2000)**.

Page 1

Here, in the present case, the Applicant pled guilty to the indictment and executed a judicial confession and stipulation of evidence in which the State has relied on to supplement the application paragraph of the indictment arguing that the evidence presented during the guilty plea was sufficient basis for the Court to sustain the deadly weapon allegation. Unfortunately, neither of these documents remains sufficient to support the State's contention. "A stipulation of evidence or judicial confession in support of a guilty plea that fails to establish every element of the offense charged will not authorize the Trial Court to convict. " **Menefee V. State, 287 S.W. 3d 9 (Tex. Crim. App. 2009)**. Moreover, "The State must offer sufficient proof to support any judgment based on a guilty plea in a felony case tried to the Court. " **Staggs V. State, 314 S.W. 3d 155 (Tex. App.-Houston (1 Dist.) 2010)**.

Perhaps the most analogical case to consider is that of **Baggett V. State, 342 S.W. 3d 172 (Tex. App.-2011)**, wherein the Court held that a judicial confession that omits an element of the offense is insufficient to support a guilty plea. "A guilty plea, even if the Defendant states that he or she is pleading guilty to the charges in the indictment under oath, does not constitute a judicial confession sufficient to support the plea, because the Defendant is merely entering a plea, not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea." Most importantly, where a Defendant enters a guilty plea to the Court, the State is required to introduce evidence showing the guilt of the Defendant, and if the State fails in this respect, the Defendant is entitled to a new trial.

Here, in the present case at bar, the Applicant filed his application merely seeking removal of the deadly weapon finding because the charging instrument failed to adequately charge the same and the judicial confession alluding to the truth and correctness of the indictment, which was totally insufficient in alleging that the automobile was used in a manner or means "capable" of causing death or serious bodily injury, was inadequate to supplement the charging instrument.

Unfortunately, the Court of Criminal Appeals no longer allows a Defendant to seek review of

Page 2

the Court's denial of an application premised on the finding of the Trial Court. However, as in the case in which you authored, **Menefee**, Supra, wherein the Court held, "Defendant's sworn affirmation that he was in fact pleading guilty to the charges in the indictment did not constitute a judicial confession and did not otherwise supply evidence sufficient to substantiate his guilty plea," disapproving **Cooper V. State 573 S.W. 2d 533**, and **Craven V. State, 607 S.W. 2d 527**. I would like to ask that the Court, on its own motion, review the decision in my case in light of the more recent rulings of the Court.

Thanking you and the Court for any consideration that you may afford me in this matter, I Remain,

Respectfully,

Bradley Hensley, II

Hutchins State Jail

1500 East Langdon Rd

Dallas, TX 75241

**DEFENDANT: BRADLEY DEAN HENSLEY, II**
**ADDRESS: 583 PRESTON MEADOWS, SHERMAN TX 75092**
**CAUSE NUMBER:** 059872

| COUNT | DEGREE | OFFENSE | BOND AMOUNT |
|-------|--------|---------|-------------|
| | F1 | AGG ASSAULT W/DEADLY WEAPON | $ 50,000 |

**PA CONTROL NO. 10-02828**
**TRN NUMBER:** 9198467~~~~ **TRS #**
**DESCRIPTION: DOB 02/11/1985, White, Male**
**WITNESSES FOR GRAND JURY:** _Branan Jones; Mitzi Harrison_
**DATE REC'D IN OFFICE:** _____
**ARREST DATE: 06/06/2010**
**CO-DEFENDANT(S):** _____

## TRUE BILL OF INDICTMENT

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors, duly selected, organized and impaneled as such in and for the County of Grayson, State of Texas, at the July Term, 2010, A.D., of the District Court in and for the 59th Judicial District of Texas and for said County upon their oaths in said Court at said Term present that on or about the 6th day of June, 2010, A.D., and anterior to the presentment of this indictment, in the County of Grayson and State of Texas, BRADLEY HENSLEY, II hereinafter called "Defendant", did then and there intentionally or knowingly threaten Mitzi Harrison with imminent bodily injury by hitting or ramming a vehicle in which the said Mitzi Harrison was situated with a motor vehicle driven by the defendant and did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle, during the commission of said assault,

### PUNISHMENT ENHANCEMENT

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 23rd day of June, 2005, in cause number 52875 in the 59th District Court of Grayson County, Texas, the defendant was convicted of the felony offense of Burglary of Habitation.

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 23rd day of June, 2005, in cause number 52876 in the 59th District Court of Grayson County, Texas, the defendant was convicted of the felony offense of Burglary of Habitation.

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 23rd day of June, 2005, in cause number 52879 in the 59th District Court of Grayson County, Texas, the defendant was convicted of the felony offense of Burglary of Habitation.

against the peace and dignity of the State.

BY _____
JOSEPH D. BROWN
Criminal District Attorney

FILED FOR RECORD
SEP -1 2010
TRACY POWERS
DISTRICT CLERK
GRAYSON COUNTY. TX

_____
Foreman of the Grand Jury

51